In the Matter of the Accounting of FRANCIS O. MASON et al., as Executors and Trustees, etc.

A bequest to an executor, unless there is language in the will indicating that it was intended as a specific compensation for his services, does not deprive him of the right to charge commissions.

The first clause of a will directed that all of the debts of the testator and the expenses of executing the will should be paid out of his estate.    The will created various trusts to be administered by the executors, and the residuary estate was given to them.    *Held*, that said first clause did not charge the expenses of administering the trusts upon the residuary estate; but, in the absence of any thing in the will indicating a contrary intent, that they were chargeable upon the trust fund.

Also *held*, that no such intent was shown by a clause in the will directing the executors to acquire title to a house for the use of a beneficiary named during life, provided she paid taxes and expenses of repairs and insurance, and in case of her failure, requiring them to take possession and lease the same, paying over to her the balance of the rent, after payment of all such expenditures.

The executors were constituted trustees of three distinct trusts; the will directed property for those trusts to be set aside and the income paid over annually to the beneficiaries.    The accounts of the executors, as such, were fully and finally settled, and the trust funds were separated by the decree of the surrogate on such accounting.    *Held*, that thereafter the executors acted simply as trustees, and were entitled to commissions, as such, in addition to those received by them as executors.

Also *held*, that they were entitled to full commissions on the principal, payable out of the same, one-half for receiving, and upon the termination

of the trusts, and the full performance of their duties by the trustees, one-half for paying the same over to the beneficiaries ; and this, whether the fund was then in money or choses in action.

Where a trustee is required to keep trust funds invested, and to receive and pay to the beneficiary the net income annually, if he performs these duties, and renders an annual account to the beneficiary, he has a right to deduct and retain full commissions, each year, from the income received.

In such case as there is no occasion for a judicial settlement, the law does not require the filing of annual accounts.

*It seems* that a different rule might apply where the trustee is required to accumulate the income, or if he allowed it to accumulate in his hands for several years, and then accounted and paid over a gross sum to the beneficiary.

(Argued March 10, 1885 ; decided March 27, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made May 30, 1884, which affirmed a decree of the surrogate of Ontario county, settling the accounts of Francis O. Mason and others, as trustees, under the will of John Post, deceased.

Said testator died in September, 1874, possessed of a large personal estate, and leaving a will, the provisions whereof, so far as material, are as follows :

" *First.* It is my will, and I direct that all of my just debts and expenses of executing this will be first paid out of my estate."

" *Third.* I give to my executors, hereinafter named, and to the survivors and survivor of them, the sum of $40,000, upon trust, to and for the following uses and purposes, that is to say : They, my said executors, shall keep said fund of $40,000 invested in such securities as the same shall be invested in at my death, except so far as the same shall, from time to time, be paid up, and as fast as they shall be paid up they shall re-invest the proceeds thereof, * * * * and the interest and income that shall arise therefrom, after the payment of all taxes that shall be assessed upon said fund so given in trust by this item of my will, they shall pay over to my wife, Adelaide, semi-annually, during her natural life."

" *Fourth.* I give to my said executors the further sum of
$34,000, in trust, for the uses and purposes following, that is
to say : They shall keep said sum of $34,000 invested in the
same securities in which it shall be invested at my death,
except as the same may from time to time be paid up * * * *
and shall, after the payment of all taxes that may be assessed
thereon, pay over to my son Clarence, semi-annually, in sums
as nearly equal in amount as may be practicable, the interest
or income which shall be produced by the said fund given in
trust by this fourth item of my will, until he shall attain the
age of twenty-five years ; and when my said son shall have
attained the age of twenty-five years, then my executors shall
deliver over to him, as his own, the said sum of $34,000, or all
the securities that the same may be invested in and that exist
therefor."

" *Fifth.* I give to my said executors and the survivors and
survivor of them, the further sum of $40,000, in trust, for the
uses and purposes following, that is to say : They shall keep
the same invested in the same securities in which the same
shall be invested at my death, except so far as the same may
from time to time be paid up, and as fast as they shall be paid
up, they shall re-invest the avails thereof, and shall pay over
the income or interest that may arise therefrom, or be produced
thereby, after first paying the taxes that may be assessed upon
the fund given in trust by this item of my will, to the guardian
of the person of my daughter, Leonora, semi-annually, in sums
as nearly equal as may be practicable until my said daughter
shall have attained the age of twenty-one years, and after that
to my said daughter until she shall have attained the age of
twenty-five years, to be used for the support and education of
my said daughter. And when my said daughter shall have
attained the age of twenty-five years, then my executors shall
pay over to her the said fund so given in trust by this item of
my will, and all securities that exist therefor."

" *Eighth.* I direct my said executors, as soon as may be prac-
ticable, to proceed by virtue of certain mortgages owned by me
upon house and lot situated in Brooklyn, N. Y., and lately

owned by Samuel Schoonmaker, deceased, to acquire the title to said house and lot, if it be practicable to do so, by the use of said mortgage, and when my said executors shall have acquired such title, then I give, devise and bequeath unto Mrs. Susan Schoonmaker the use, occupation and enjoyment of said house and lot during her natural life, provided she shall pay all taxes that may be assessed thereon of every description, from time to time, as they shall become due and payable, and shall keep said house, fence and premises in good repair, and shall keep the said house insured in some good, responsible insurance company, approved by said executors, and in an amount to be approved by them. But if default shall be made by her in paying such taxes, or any of them, or in making and keeping up such repairs, or in keeping said property insured in the names and for the benefit of said executors, they, my said executors, may re-enter said house and lot, and from the time of such default the said Susan Schoonmaker shall have no right to use or occupy the same; but said executors shall keep said house and lot rented during the life of said Susan, and after paying from the rents received, all taxes, expenses of repairs and renting, and of insurance thereof, shall pay the rest of such rent to her for life."

After various bequests this clause followed:

"*Nineteenth.* All the rest, residue and remainder of my estate, real and personal, not hereinbefore disposed of, I give, devise and bequeath unto my friends Alonzo Wynkoop, Bradley Wynkoop and Francis O. Mason, who are hereinafter nominated as the executors of this, my will, in equal shares."

In proceedings for a final settlement of the accounts of the executors a decree was made as of October, 1876; the entry thereof was stayed by injunction pending a litigation as to the validity of the will, and it was not entered until March, 1883.

The substance thereof, so far as material, as well as other material facts are stated in the opinion.

*Charles S. Baker* for appellants. The fund bequeathed to

Leonora, and to her mother, should not be charged with com_
missions thereon, but the ·commissions should be charged
to the residuum of the estate. (*In re Mount*, 2 Redf. Surr.
405.)ᐟ The testator's intention, if it can be ascertained, must
control in the construction which shall be given to the in-
strument. (1 Jarman on Wills [5th Am. from 4th London
ed  notes by Randolph & Talcott], 733, 734, 735, note 9 ;
*Trustees, etc.*, v. *Colgrove*, 4 Hun, 362.) The counsel and
confidential adviser of the testator, who, also, was one of the
beneficiaries under the will for a large amount, and his associ-
ates should not and cannot enrich themselves at the expense and
loss of the other beneficiaries, by so drawing the will as to mis-
lead the testator, and, by equivocal language employed defeat
the objects which the testator intended. (*Segrave* v. *Kirwan*,
1 Beatty, 157; *Post* v. *Mason*, 91 N. Y. 551.) If the three
executors, or any or either of them, should now be removed, or
should be allowed to resign as executor, he would no longer
have any right, power or authority over the estate, and could
not claim or be a trustee. (*Johnson* v. *Lawrence*, 91 N. Y.
164.) If the executors should now neglect to execute the
terms of the will, or be guilty of malfeasance, they would be
liable in that capacity solely. (*Hood* v. *Hood*, 85 N. Y. 570 ;
*Wells* v. *Knight*, 5 Hun, 50 ; *Hall* v. *Hall*, 18 id. 358.) It
is a misnomer to call or treat the respondents, under this will,
by any other name, or as any thing. else, than executors. (*Mat-
ter of Clark*, 5 Redf. Surr. 466, 468, 470 ; *Johnson* v. *Lawrence*,
91 N. Y. 164; *Laytin* v. *Davidson*, 95 id. 263.) It was error
for the surrogate to determine that the executors were en-
titled to one-half commissions upon the whole capital of the
trust fund held for Leonora and on the capital of the  widow,
payable on the termination of the trust. (*Hall* v. *Tyron*, 1
Dem. Surr. 296.) The surrogate erred in allowing the executors,
annual commissions on the amounts· received and paid out.
(*Brush* v. *Smith*, 1 Dem. Surr. 477, 478; *Morgan* v.
*Hannas*, 13 Abb. Pr. [N. S.] 361, 369.) The duties of the
executors as to the provision made for Mrs. Schoonmaker are
expressly declared to be done and performed by them in the

capacity of executors solely, and were and are a part of their duties and functions in executing the will, inseparable therefrom, inhered in the beginning, and will not be ended until fully performed. (*Johnson* v. *Lawrence*, 91 N. Y. 154.)

*A. P. Rose* for respondents. The directions in the will to pay over the interest and income less taxes do not mean gross income. The words "income that shall arise therefrom" imply net income. (*Whitson* v. *Whitson*, 53 N. Y. 479; *Booth* v. *Amerman*, 4 Brad. 129; *Pickney* v. *Pickney*, 1 id. 275.) A legacy is always held to be a bounty of the testator and not a payment, unless otherwise stated in the will. (*Reynolds* v. *Robinson*, 82 N. Y. 103.) Where the same man is both executor and trustee, it is well settled that he can settle his account and be discharged as executor, still retaining his character as trustee. (*Laytin* v. *Davidson*, 95 N. Y. 263; affirming same case in 29 Hun, 624, and reversing *Meeker* v. *Crawford*, 5 Redf. 450; *Hurlburt* v. *Durant*, 88 N. Y. 122; *In re Van Wyck*, 1 Barb. Ch. 565; *In re Schell*, 53 N. Y. 266; *Blake* v. *Blake*, 30 Hun, 469; *In re Jackson*, 32 id. 200; *In re Wadsworth*, 2 Barb. Ch. 381.) This is the rule, even when the decree settling the accounts of the executors does not in terms provide for their discharge. (*In re Hood*, 33 Hun, 338.) This is not a case where executors were directed to invest funds and pay over income, but there was an express bequest upon trust, constituting the party to whom it was given a trustee. (*Phillippo* v. *Munnings*, 2 M. & Cr. 309; Hill. on Trustees, 238.) As the respondents have fully accounted as executors and turned over the estate to themselves as trustees, they are entitled to full commissions in the latter capacity. (*Laytin* v. *Davidson*, 95 N. Y. 263; *Hurlbut* v. *Durant*, 88 id. 122; *Ward* v. *Ford*, 4 Redf. 35; *In re Carman*, 3 id. 46; *In re Roosevelt*, 5 id. 601; *Blake* v. *Blake*, 30 Hun, 469.) Because the funds bequeathed in trust were in the shape of securities on hand at the testator's death, it cannot be claimed the bequest was a specific one and not chargeable with commissions. (*In re De Peyster*, 4 Sandf. Ch. 511.)

EARL, J. The opinion of the surrogate in this case is so able and satisfactory that a brief expression of our views is sufficient for the present purpose.

*First.* The nineteenth clause of the will is as follows: " All the rest, residue and remainder of my estate, real and personal, not hereinbefore disposed of, I give, devise and bequeath unto my friends Alonzo Wynkoop, Bradley Wynkoop and Francis O. Mason, who are hereinafter mentioned as the executors of this my will, in equal shares." The claim is made on behalf of the appellants that this bequest was made to the executors as a compensation for the services which they should render in administering upon the estate. This bequest was not intended for the specific compensation mentioned in section 2737 of the Code. There is no language in the will indicating that it was meant to be in lieu of commissions. If these executors had renounced before letters were issued, they would have been entitled to receive this bequest; and if one of them, at any time after qualification, had resigned and been discharged, it would not have interfered with his right to take his share in the bequest. The right of the residuary legatees to take under the residuary clause did not depend upon their acting and rendering services as executors; but the bequest to them was a bounty which they were entitled to receive as if they had no other connection with the will than that of legatees thereunder. Before a legacy can be held to be made in discharge of a debt, or in compensation for services to be rendered by executors, there must be language in the will from which such an intention can be inferred. Here there was none.

*Second.* The first clause of this will is as follows: "It is my will and I direct that all my just debts and expenses of executing this will be first paid out of my estate," and the claim is made that, by virtue of this clause, all the expenses of administering the trusts created by the will were charged upon the residuary estate. We cannot accede to this claim. All the expenses of the executors, as such, including their commissions, were payable out of the residuary estate; and so, upon the settlement of the accounts of the respondents as executors, they

were charged and paid.  The three trusts were expected to continue for many years, and it cannot be believed that, by the use of the language contained in the will, the testator meant that the residue of his estate should be kept on hand undivided during the whole time to answer any charge that might be brought against it for expenses connected with the trusts.  It is expressly provided that the taxes upon the trust funds shall be paid out of their income, and we find no purpose in the will to exempt such income from the burden of all the other expenses of the trust.  The clause referred to is a formal, useless one, not uncommon in wills, and the construction and effect of the will would have been the same if it had been wholly omitted.  We do not perceive that the eighth clause in the will gives any sanction to the claim we are now considering. In that the testator provided that his executors should obtain title to a house for Mrs. Schoomaker, and that she might occupy it during her life, provided she would pay the taxes and the expenses of repairs and insurance upon the same, and in case she should fail to make such payments, that then his executors should take possession of the house and rent the same, and pay her the balance of the rents, after deducting the taxes and the expenses of repairs and insurance upon the same.  This clause simply shows that the testator did not mean to burden the rest of his estate with any expenses connected with that house. We, therefore, find no intention expressed in the will that the expenses of administering the trusts, aside from the taxes, should be charged upon the residuary estate, and we think that the framework of the will is such as to show that such was not the intention of the testator.

*Third.*  But it is contended on behalf of the appellants that the executors are to act as such until all of the provisions of the will shall be fully executed, and that they cannot possess the dual character of both executors and trustees.  We think the will made them both executors and trustees.  They were constituted trustees of three distinct trusts.  Property for those trusts was directed by the will to be set apart, and the incomes thereof paid annually to the beneficiaries.  The trust funds

were separated by the decree of the surrogate upon the accounting in October, in 1876, when the accounts of the respondents, as executors, were fully and finally settled, and the amounts and condition of the trust funds which they were to retain for the several trusts, determined. Since that settlement the only character in which these respondents have acted is that of trustees, and they can now only be dealt with as trustees If they should die, an administrator, with the will annexed, could not be appointed, but new trustees would have to be appointed in their stead. The cases of *Johnson* v. *Lawrence* (95 N. Y. 154) and *Laytin* v. *Davidson* (id. 263), are a sufficient authority for the construction we have given to this will, and further discussion of the matter is unimportant.

We are, therefore, of the opinion that, in addition to the commissions which these respondents were entitled to receive as executors, they are also entitled to receive commissions, as trustees, since the rendition of their accounts in 1876 when they ceased to discharge any further duty as executors.

*Fourth.* The respondents claimed and were allowed by the surrogate full commissions on the annual income of the trust funds ; and this is now complained of as error. We are of opinion that where a trustee is required to keep trust funds invested and to receive and pay out the income annually, and he receives the income and renders an account thereof to the beneficiary, and pays over the balance of the income, after deducting all expenses chargeable against the same, he has the right to deduct for his compensation full commissions on the income annually received, before paying it over. It was so held in *Fisher* v. *Fisher* (1 Bradf. Surr. 335) and in *Matter of Allen* (29 Hun, 10, and 96 N. Y. 327). It has been held that where a trustee renders annual accounts to the court, or where he is required to state his account with annual rests, he is entitled to full commissions upon his annual receipts and disbursements ; and a guardian who is required by statute to file annual accounts with the surrogate each year, may, in his accounts thus filed, charge full commissions. (*Morgan* v. *Hannas*, 13 Abb. Pr. [N. S.] 361.) The same principle should be

applied to cases like this where the trustees receive the annual income and render an account thereof, and pay over the balance thereof to the beneficiary each year. In such case there is no occasion for a settlement before the court, and the law does not require the filing of annual accounts. If the income is received and promptly accounted for and paid over to the beneficiary, that is the end of it; any further accounting would be superfluous, a mere formality. A different rule might apply if the trustee received income which he was to accumulate, or which he allowed to accumulate in his hands for several years and then accounted for and paid over a gross sum to the beneficiary. In that case it might well be that the income for several years ought to be treated as one fund, and the commissions computed upon that. Our decision goes only so far as to hold that, where the income is annually received and annually paid over, the trustees may retain full commissions, five per cent on the first thousand, etc., as if the income received were the entire fund to be received and disposed of by them.

*Fifth.* The surrogate held that, upon the termination of their trusts, and the full performance of their duties thereunder, the trustees would be entitled to one-half commissions upon the capital of the trust funds received by them. In this there was no error. Whenever the time shall come that the trusts are terminated and the trustees have fully discharged their duties, then they will be entitled to have one-half commissions for receiving the trust funds, and the other half for paying or turning the same over to the beneficiaries, whether the funds be then in money or choses in action. (*Matter of DePeyster,* 4 Sandf. Ch. 511; *Ogden* v. *Murray,* 39 N. Y. 202.) We can perceive no reason for allowing the trustees commissions upon the income and denying them commissions upon the termination of their trusts and the final settlement of their accounts, as trustees, upon the *corpus* of the trust estate payable out of the same. Under the authorities above cited, they are entitled, out of the trust estate, to the same commissions to which they would have been entitled if they had not also been named executors.

We are, therefore, of opinion that the judgment should be affirmed, with costs.

All concur, except FINCH, J., dissenting, and RAPALLO, J., not voting.

Judgment affirmed.