The following is the opinion of the referee so far as affects this question :
Charles H. Otis, Referee.
All the issues which were raised by tne objections to the account filed by the respective counsel and guardians ad litem for the parties have, by unanimous consent, been reduced to five questions:
I. The amount upon which the trustees are entitled to receive commissions.
II. The right of the trustees to withdraw and retain their commissions prior to the making and entry of a decree allowing the same, and as a corollary of this, the liability of the trustees to account for interest on the full amount retained by them for their commissions.
III. The use of income to pay for certain improvements which the defendants contend are not “ ordinary repairs,” but “ betterments” of the property.
IV. The reasonableness of the compensation paid by the trustees to J. Brice Martin, one of their number, for his special services during the years 1886 and 1887.
V. The obligation of the trustees to account for certain salaries received by J. Brice Martin from the Empire Warehouse Company, Limited, and from the Brooklyn Grain Warehouse Company.
I shall consider these questions in the order above enumerated.
1. The accounts of the plaintiffs, as trustees, have never been judicially settled. This action is the first proceeding which has ever been initiated by the trustees for that purpose, and consequently the amount to which they are entitled for their commissions has never been allowed or judicially determined by any court.
Trustees are entitled to receive the same compensation as is allowed by statute to executors for their services.
Under ordinary circumstances, the application of this statutory rule would not be difficult.
In the matter pending before me, authority is conferred upon the trustees, by the will of the testator, to carry on the storage business upon the so-called “ Erie Basin ” property. Under this authority, the trustees did carry on that business from the date of testator’s decease, January 8, 1886, until January 1, 1888.
During this period the total receipts of the business amounted to.......................... $607,272 91
Profits turned over to trustees...... $317,200 00
Cash on hand.................... 3,760 37
Expense........................ 286,312 54
--$607,272 91
*737 The dispute between the parties arises in relation to the item of $286,312.54.
It is contended in behalf of the plaintiffs that, inasmuch as the unusual and extraordinary duty of carrying on a great storage business was cast upon them by the will of the testator, the law must have contemplated the payment of commissions upon all sums received and paid out in the conduct of the business, as a compensation for such extraordinary and unusual services. On the other hand, it is contended in behalf of the defendants that the “ receiving” of sums of money which did not go to swell the capital of the estate and property in their hands, and the “ paying out ” of sums of money for the expenses of the business, which were repaid in the general receipts of the business, are not such a receiving and paying out as are contemplated by the statute, but that the receiving and disbursing of all such sums, in the mere conduct of the business, constitute re-investments of capital.
The law is well settled in this state that executors and trustees are not entitled to commissions upon re-investments of the principal or capital of the fund in their hands. Matter of Kellogg, 7 Paige Ch., 265; Morgan v. Hannas, 13 Abb., N. S., 361; Betts v. Betts, 4 Abb. N. C., 317, 436.
If the amounts paid out as an expense of the business, and subsequently repaid to the trustees in the general aggregate receipts of the business, constitute such a re-investment, then the trustees cannot be allowed commissions upon the same.
In the Matter of Hayden, 54 Hun, 197; 26 St. Rep., 911, one of the executors, Charles A. Hayden, conducted a furniture business of the testator, for the benefit of his estate, from the tinie of testator’s death to the date of Charles A. Hayden’s retirement from his trust.
It was contended on behalf of the executor’s that they were entitled to commissions upon the aggregate receipts and disbursements of the furniture business carried on by them for the benefit of the estate.
Mr. Justice Barker, who wrote the opinion of the court in the Hayden case, says, at page 205 :
“ It appears that there was received and paid out in payment of ■debts and legacies, $12,577.26, and that there was received and paid out in the management and conduct of the business, $58,-844.36; as to the first of the sums, the will was fully executed, ■and full commissions should be allowed. Matter of Allen, 29 Hun, 10. As to the second amount, namely, $58, 844.36, received and disbursed in the management of the business, more difficulty exists. While it is apparent that the money was received and paid out in the execution of the provisions of the will, and pursuant to the authority given by it, it nevertheless does not appear that from the business any profit or any advantage resulted to the estate. The buying and selling incident to the conduct of a manufactory or other business is, at best, a species of reinvestment of the trust funds. If com *738 missions were to be allowed each time a stock in trade were purchased or sold, it is quite probable, as well as possible, for a case to arise where the executor’s commissions would largely consume the body of the estate, especially where the stock in trade is rapidly turned over and no great profit is realized from the transactions. It is quite manifest that the claim for commissions on the $58,844.36 was properly disallowed.”
It is true that in the case presented the expenses of the business consisted largely of payment for labor, but I am unable to perceive any distinction in principle between the facts in this and those in the Hayden case.
In a manufacturing business the largest item of cost of production is usually the amount paid for labor.
If the principle contended for by plaintiffs were applied to such a business, in which the capital invested is frequently turned several times each year, and the rate of profit is small, the trustees’ commissions would certainly exceed the net return from the business, and it would only be a question of time when the trustees’ commissions would absorb the capital.
Moreover, the application of the rule contended for might operate as an inducement to trustees to'continue an unprofitable business, because its continuance would increase their compensation. The courts certainly will not favor such a construction of the statute as will render trustees liable to such a temptation,
I am of the opinion that commissions should not be allowed upon any sums received and paid out in the conduct of the Erie basin storage business which it would not have been necessary to* pay out if the business had not been carried on by the trustees, but that commissions should be computed upon the net profits of the business. * * *
2. The trustees have from time to time drawn from the fund and paid to themselves various sums of money on account of commissions.
The Eevised Statutes provide, in relation to compensation to executors, “ on the settlement of the account of an executor or administrator, the surrogate shall allow to him for his service ” his statutory commissions. 2 R. S., 93, § 58; 8th ed., vol. 4, p. 2564.
Section 2802 of the Code of Civil Procedure provides that “ Any trustee created by any last will and testament * * * may at any time file an intermediate account, and may also annually render and finally judicially settle his accounts before the surrogate; * * * in all such annual accountings 'of such trustee, the surrogate, before whom such accounting may be had, shall allow to the trustee or trustees the same compensation for his or their services by way of commission as are allowed by law to executors and administrators.”
If the accounting proceeding be brought in the supreme court, then that court instead of the surrogate must allow to the trustees their compensation.
The general rule is well established by numerous authorities, that commissions are allowed only by order of the court, and by *739 the decree which judicially settles the executors and trustees’ account; and that executors and trustees have no authority to appropriate sums to their own use, as commissions, until they have been so allowed.
If trustees do retain and appropriate sums to their own use in advance of such allowance by the court, it is a misappropriation, and they are chargeable with interest from the date of withdrawal to the date of the decree finally allowing the commissions and determining their amount. Wheelwright v. Rhoades, 28 Hun, 57, 59; Freeman v. Freeman, 4 Redf, 211; Whitney v. Phoenix, id., 180; Wheelwright v. Wheelwright, 2 id., 501; Haskin v. Teller, 3 id., 316; Carroll v. Hughes, 5 id., 337; Matter of Peyser, 5 Dem., 244.
In Wheelwright v. Rhoades, supra, Judge Davis in bis opinion at page 59-60, says : “ The statute fixes the rate of compensation to executors and administrators, and provides the mode in which it shall be ascertained and paid; and until that statutory requirement is complied with, the executors have neither power nor right to pay themselves at their own discretion. * * *
“ The course of the executors in this case, although taken in good faith and under the advice of counsel, ought not to have been sanctioned, because of its danger as a precedent.”
The general rule is recognized in Hancox v. Meeker, 95 N. Y., 528, 538. Hancox v. Meeker, supra; Matter of Mason, 98 N. Y., 527, and Matter of Selleck, 111 N. Y., 284; 19 St. Rep., 601, are cited by counsel for plaintiffs as authorities sustaining the right of these trustees to appropriate sums of money, on account or in payment of their commissions, in advance of their allowance by the court.
The rule laid down by these cases is explicitly stated and limited by Judge Bari in the Matter of Mason, 98 N. Y., at page 535: “ We are of opinion that where a trustee is required to keep trust funds invested and to receive and pay out the income annually, and he receives the income and renders an account thereof to the beneficiary, and pays over the balance of the income, after deducting all expenses chargeable against the same, he has the right to deduct for his compensation full commissions on the income annually received, before paying it over. * * * *
In such case there is no occasion for a settlement before the court, and the law does not require the filing of annual accounts. If the income is received and promptly accounted for and paid over to the beneficiary, that is the end of it; any further accounting would be superfluous, a mere formality. A different rule might apply if the trustee received income which he was to accumulate, or which he allowed to accumulate in his hands for several years and then accounted for and paid over a gross sum to the beneficiary.”
So in Hancox v. Meeker the trustees paid over annually to the beneficiaries all of the income in their hands, retaining their commissions upon such income. They retained no commissions upon the principal of the trust estate. There was an annual settlement with and distribution among beneficiaries.
*740 At page 589, Judge Miller says: “ Within the rule Stated we are unable to perceive why the commissions were hot properly retained by the executors.”
The rule is again stated by Judge Gray in the Matter of Selleck, 111 N. Y., at page 293; 19 St. Rep., 606.
“ In Matter of Mason, 98 N. Y., 527, this court held, that in cases where the trustees receive the annual income and render an account thereof, and pay over the balance to the beneficiary each year, there is no occasion for a settlement before the court, and the law does not require the filing of annual accounts. In such a case, upon a final accounting, the trustee may claim and be allowed full commissions on the annual income of the trust estate. He may deduct his compensation from the income annually received before paying it over. The construction in that case was most liberal toward the trustee.”
In this case there has never been any settlement of the income account; there has never been a time when there was not a balance of income in the hands of the trustees; there has never been a complete distribution and payment of income to those entitled under testator’s will.
In fact, it now remains as one of the questions to be determined in this action, as to whether a large amount of income has not been applied to ^ie payment of certain permanent improvements and betterments of real property, which should have been paid for out of the capital of the estate.
As I read the authorities cited by counsel for the plaintiffs, the underlying and necessary condition to be fulfilled, to entitle trustees to deduct and retain commissions from income, is, that there shall have been a settlement of the income account, and a payment over to beneficiaries of the entire balance of income in the hands of the trustees.
Such has not been done in this case.
I am, therefore, of the opinion that the plaintiffs should account .for all amounts withdrawn by them on account of commissions, with interest from the dates of such withdrawals respectively.
It is evident that all amounts retained by these trustees on account of their commissions were so retained under the advice of counsel, and in the confident belief that it was their legal right so to do. This is doubtless the fact both as to the amount retained and as to the time of payment.
The following is the opinion at special term :
Cullen, J.
I think the referee’sfindings of fact that the compensation paid to Mr. Martin by the Brooklyn Grain Warehousing Company was exacted by Martin as a condition of placing the property of the estate in the corporation, and that no services were rendered therefor, are sustained by the evidence. From this it follows that Martin must account for the whole of that sum ($10,000) to the estate. It is no answer to this claim to say that the Beard estate only contributed the portion of that compensation which its stock bore to the whole stock of the company. *741 The company can make no complaint of the payments to Martin, for it agreed, to them and received or assumed to receive their equivalent by the entry of the Beard property into the combination. It could have justas well afforded to pay the Beard estate $10.000 a year as additional rent, as the sum paid proceeded not from Martin’s services, but from the use of the trust estate.
The determination of the annual salary or compensation to Mr. Martin is not impeached, and must, therefore, stand. The fact that Mr. Henry Beard assented to such determination under a misapprehension, when such misapprehension does not relate to the character or value of Martin’s services, is not sufficient to imperil the effect of his action.
The sum paid by the Empire Warehousing Company to Mr. Martin is found not to have been in excess of the value of his services. I think Martin should retain the sum. It fairly proceeded not from the trust estate, but from his own services. The original report of the referee will be modified in accordance with this decision, and, as modified, confirmed. I will hear the parties as to the allowance.
Dyioian, J.
This is an appeal from certain portions of a judgment entered upon the report of a referee in an action for passing and allowing the accounts of the plaintiffs as executors and trustees under the last will and testament of William Beard, deceased.
We think the case falls within the decision of Hayden, 54 Hun, 197; 26 St. Rep., 911, where the judge who wrote the opinion for the court said: “ The buying and selling incident to the conduct of a manufacturing or other business is, at best, a species of reinvestment of the trust funds. If commissions were to be allowed each time a stock in trade were purchased or sold, it is quite probable, as well as possible, for a case to arise where the executors’ commissions would largely consume the body of the estate.”
The judgment of the general term in that case was affirmed upon the opinion of the general term by the court of appeals. 125 N. Y., 776; 36 St. Rep., 1011. As we concur in the views expressed by the referee, and with the two opinions of the judge at special term, it seems unnecessary to elaborate those views.
The judgment should be affirmed, with cofets.
Barnard, P. J., and Pratt, J., concur.