After accounting by executors as such, and before a decree was entered settling their accounts, and directing them to pay the balance of the estate to themselves as trustees, they sold a leasehold for double its value as inventoried, and paid over to themselves, as trustees, only the inventory value as shown by the decree. *Held,* that they must account for the excess over such amount as executors.

2. SAME—COMMISSIONS.

The commissions allowed trustees must be based on the total income for the year, and, though the trustees pay over the income semiannually, and deduct their commissions therefrom, the total amount cannot exceed the rate allowed trustees for one year's service.

In the matter of the accounting of Edward Mitchell and Grosvenor S. Hubbard, trustees under the will of Benjamin D. Silliman. Objections to accounts sustained.

William Mitchell, for trustees.

Carter & Ledyard, for Caroline S. Taylor and Laura S. Carey.

CHURCH, S. Objections are made to the trustees' accounts herein.

The first objection arises from the following facts: It appears that these trustees have filed their accounts as executors of the deceased, and that a decree was entered settling such accounts. Under such decree it was provided that the balance of the property remaining in the executors' hands they should pay, transfer, and assign to themselves as trustees. Among such property, there was enumerated a leasehold on No. 8 Washington Square North, at an inventoried value of $15,000. It appears that the accounts which stated such inventoried value of said leasehold were made up in May or June, and that the decree settling the same was not entered until December; but, although this long time elapsed, the decree was presumed to settle the accounts as of the date at which they were presented. During the time of the presenting of their accounts, and the decree entered upon the same, it appears that the executors, as a matter of fact, sold such leasehold for the sum of $30,000. They have turned over to themselves, as trustees, the sum of $15,000, the amount with which it is claimed they are chargeable under the decree; and objection is made to the present account because they have not accounted for the full $30,000 which they received from the sale of said property. The matter is merely a question of bookkeeping, as there is no question of loss to the parties interested, and, the executors not having accounted for it, they will have to make an account for the same. The mistake seems to me to have originated by the executors not having stated at the time that their decree was entered that there had been a change in the property since the presentation of their accounts, and not having a direction that they should pay over the full amount which they had received since making their accounts to themselves as trustees. The

method adopted by them of entering their decree, and then paying but a half, seems to me an illogical and unbusinesslike way of conducting the matter; but, inasmuch as the decree is now entered, it seems to me that the only proper way for them to do would be to retain this money, and account for it as executors when they make their further accounting. The first objection is therefore overruled.

The second and third objections made to the account are of the same general character, and will be considered as one. It appears that the trustees have made up semiannual statements, and paid over the income semiannually. They have charged commissions at the rate of 5, 2½, and 1 per cent., also semiannually, on the amount thus paid over. This is objected to, it being claimed that the entire commissions on the entire income of any of the trusts for one year cannot exceed the above rates. It seems to me that the theory adopted by the trustees· in this matter is entirely incorrect. The policy of the statute was to base the commissions on the total income for each year, and by no act of the trustees was there any way that these commissions could be arbitrarily increased. It may be that it is a greater convenience for cestuis que trustent to receive their income semiannually, and that it is some slight additional labor to make up these accounts semiannually, although I do not see how there can be any great additional labor occasioned to the trustees by doing this. But assume, for the sake of argument, that it is so; that does not justify the trustees receiving additional compensation. If that· theory was once to be followed, a conniving trustee could readily resort to methods by which, while he might do additional work for the estate, his commissions would be largely enhanced. It is not pretended here, of course, that these trustees have done this with any such object in view, but we should be careful not to make a decision in an honest case which could be taken advantage of by a conniving, dishonest trustee. The case quoted by the counsel for the trustees (Matter of Roberts' Will, 40 Misc. Rep. 512, 82 N. Y. Supp. 805) does not, in my judgment, sustain their contention. The sole question that seems to have been discussed there is whether the deductions might be made semiannually, and the court expressly stated in its opinion, "There is no proof that the commissions deducted are not correct." Here it is not a question of the deduction of the commissions semiannually, but that the amount so deducted is much greater than they are entitled to. The conduct of the trustees is also contrary to the theory as expressed by the courts in the following cases: Matter of Mason, 98 N. Y. 527; Matter of Selleck, 111 N. Y. 284, 19 N. E. 66; Beard v. Beard, 140 N. Y. 260, 35 N. E. 488. The second and third objections are therefore sustained.

Decreed accordingly.