■ In the Matter of the Estate of MILDRED S. BIRCH, Deceased. MOHAWK NATIONAL BANK OF SCHENECTADY, as Coexecutor of MILDRED S. BIRCH, Deceased, Respondent; MARGARET CONOVER et al., Appellants.—Appeal from a decree of the Surrogate's Court of Schenectady County, entered February 28, 1975, which approved the account of the petitioner Mohawk National Bank as preliminary coexecutor of the estate of Mildred S. Birch, deceased. The decedent died on June 15, 1972 leaving a last will and testament dated May 26, 1972 and a prior will dated December 21, 1970. The petitioner was named executor in the prior will while the appellants were named executrices in the May 26, 1972 will. Both wills were offered for probate and the nominated executors in both wills (petitioner and appellants) made separate applications for appointment as separate preliminary executors. The Surrogate on July 20, 1972 caused preliminary letters testamentary to be issued jointly to the petitioner and the appellants. On November 27, 1972, the May 26, 1972 will was admitted to probate and thereafter the petitioner as a preliminary coexecutor submitted an accounting. The dispositive issue upon this appeal is whether the compensation which the petitioner may receive for services rendered is governed by SCPA 1412 (subd 7), which relates to preliminary executors, or by the rules applicable to temporary administrators appointed pursuant to SCPA 901. If governed by the compensation payable to preliminary executors, the petitioner may not receive commissions which would exceed the commissions to which an executor would be entitled. If the matter is governed by the compensation due temporary administrators, however, the sole limitation would be the value of the whole estate received and passed on to the duly appointed executors. (See *Matter of King,* 122 App Div 354.) In this particular case the Surrogate concluded that actually the function of the petitioner was similar to that of a temporary administrator and that, accordingly, it would not be limited to receiving a sum based upon that which an executor would have been entitled to receive. The preliminary letters testamentary, however, specifically recite that their issuance was pursuant to SCPA 1412, and it is evident from the record that the petitioner was not appointed as a temporary administrator pursuant to SCPA 901. The determination of the Surrogate was error as a matter of law and, accordingly, the decree must be reversed. The record contains factual issues as to what, if any, amounts an executor would have

been entitled to claim as commissions and the matter should be remitted for a determination by the Surrogate of the appropriate compensation to this petitioner. Decree reversed, on the law, with costs to all parties to be payable from the estate, and matter remitted for further proceedings. Herlihy, P. J., Sweeney, Kane, Koreman and Larkin, JJ., concur.