■ In the Matter of WILLIAM J. BUTLER, as Executor of WILLIAM R. CARLISLE, Deceased, Appellant, v THEODORE MANDER et al., Respondents.—Decree of the Surrogate's Court, New York County (Renee R. Roth, S.), entered on or about March 24, 1989, which denied petitioner's application to retract a previously filed renunciation of commissions as executor, to renounce his bequest under the will, and to receive statutory commissions in its place, unanimously affirmed, without costs.

The decedent William R. Carlisle and petitioner William J. Butler, both attorneys, were friends and professional colleagues for well over 20 years. Petitioner drafted decedent's will which provided, as amended by codicil dated January 10, 1983, the following as here pertinent: "SECOND: (a) I give and bequeath to my friend and attorney, WILLIAM J. BUTLER, who I have named as my Executor in paragraph 'FOURTH' of this, my Last Will and Testament, the sum of SIXTY THOUSAND ($60,000.00) Dollars, without regard to whether, in fact, he acts in either capacity. If he should so act as my Executor, this bequest shall be in lieu of all commissions to which he would be entitled for so acting. It is my intention, however, that he shall receive all commissions or other remuneration to which he would be otherwise entitled for acting as attorney for my estate. If he predeceases me, this bequest shall pass as part of my residuary estate." SCPA 2307 (5) (b) reads in pertinent part as follows: "Where the will provides a specific compensation to a fiduciary other than a trustee he is not entitled to any allowance for his services unless by an instrument filed with the court within 4 months from the date of his letters he renounces the specific compensation."

We agree with the Surrogate that the $60,000 unconditional bequest to petitioner was not "specific compensation" for performance of duties as an executor, and that the statute was not applicable. The $60,000 was a gift. If petitioner elected to serve as executor, it was intended that he would serve without fee. Such a provision in a will leaves the nominee with but two choices—to renounce his nomination as executor, or to serve without fee (see, e.g., Matter of Engel, 106 Misc 2d 733). To the extent that Matter of O'Donohue (115 Misc 697) may be construed to hold to the contrary, we decline to follow it.

Furthermore, when petitioner filed his affidavit pursuant to Matter of Putnam (257 NY 140), he stated that: "although I

am named as a beneficiary in the will, I am not entitled to receive any commissions as an Executor, and although the one was not, and is not *quid pro quo* for the other, if I had merely been named in the will as an Executor, entitled to receive compensation as such, and not as a beneficiary, I would have received considerably more in commissions than I will be entitled to receive as a gift." The petitioner thereby conceded that the $60,000 bequest was *not* "specific compensation" for his services as executor. For him now to take a contrary position is clearly in derogation of the intention of his long-time friend for whom he drafted the will and codicil. Concur—Kupferman, J. P., Ross, Milonas and Rubin, JJ.