OPINION OF THE COURT
Renee R. Roth, S.
The executors of the estate of Delancey Thorn Grant seek an advance payment of their commissions computed in accordance with the terms of the will rather than pursuant to SCPA 2307. Implicit in the application is whether the clause determining the compensation of the fiduciary is contrary to public policy.
By the express terms of his will, Mr. Grant provided that his executors, the Bank of New York and Donald E. McNicol, shall be allowed commissions upon specifically bequeathed tangible personal property (Article nineteenth) and upon *820 assets passing outside his will but comprising part of his gross taxable estate (Article twenty-fifth). Thus, the will departs from the statutory scheme of SCPA 2307 only with respect to the nature of the assets considered to be commissionable. If the computation were to be based solely on the assets traditionally included in SCPA 2307, the executors would be entitled to commissions on assets of only $20,000. Under the specific provisions of Mr. Grant’s will, his executors are entitled to commissions on assets of $2.4 million.
The only beneficiary, the Metropolitan Museum of Art, has consented to the relief requested. The Attorney-General has appeared and has not objected.
In general, the statutory rules of the EPTL and SCPA apply only where the will is silent (see, e.g., order of abatement [EPTL 13-1.3]; tax apportionment [EPTL 2-1.8]; antilapse statute [EPTL 3-3.3]; revocatory effect of divorce on a will [EPTL 5-1.4]; fiduciary’s powers [EPTL 11-1.1 (b)]). It is clear that under the statutes governing fiduciary compensation, perhaps less explicit in this respect than those cited above, the same principle applies, i.e., the statutory rules control only in default of specific provision in the will itself (see, SCPA 2307 [5]; 2309 [10]; 2312 [1]; see also, 4B Warren’s Heaton, Surrogates’ Courts § 75.03 [10] [a] [6th ed]).
New York courts routinely follow the testator’s directions concerning fiduciary compensation when these directions differ from the statutory provisions. Ample reported authority exists for enforcing the will provisions when the specified compensation is less than the commissions provided by statute (see, e.g., Matter of Lehman v Irving Trust Co., 55 NY2d 97; Matter of Schinasi, 3 NY2d 22; Matter of Levitt, NYLJ, Dec. 23, 1985, at 15, col 2). Cases concerning clauses which provide a higher compensation are somewhat scarcer (see, e.g., Matter of Stabler, NYLJ, Nov. 1, 1983, at 15, col 2; Matter of Goldschmidt, NYLJ, Jan. 14, 1946, at 175, col 4; Matter of Wiggins, NYLJ, Dec. 9, 1937, at 2079, col 5). However, the reason for the scarcity is simply lack of controversy. As stated above, the allowance of compensation pursuant to the will is routine; litigation arises only where the fiduciary wishes the compensation increased (but cf., Matter of Philp, — AD2d —, 1993 NY Slip Op 02585 [2d Dept, Apr. 12, 1993], in which compensation was disallowed when based on an instrument other than the will).
A cornerstone of the law of wills is respect for the wishes of *821 the testator. He or she has the undisputed right to direct the devolution of his or her property, a right which is embodied in the statutory provisions governing testamentary dispositions. It follows that the testator may attach conditions to his or her bequests and that these conditions will be honored, as long as compliance does not violate public policy (Oliver v Wells, 134 Misc 893, 900, affd 229 App Div 356, affd 254 NY 451). Thus, the Museum’s right to receive property under the will is subject to the testator’s allowance for fiduciary compensation.
Finally, it is observed that statutory commissions are, of necessity, merely estimates of appropriate compensation. Such commissions are not necessarily fair in every given estate, although the Legislature tried to achieve over-all fairness in the majority of cases. Furthermore, commissions are based on historical concepts, which may no longer be applicable in this age of book entry stock transfers, GRITS, GRATS, complex estate tax formulas, testamentary substitutes, disclaimers and so forth. For example, the statute denies executor’s commissions on assets specifically bequeathed or devised and on those passing outside the will on the theory that such assets vest automatically and are not received or paid out by the executor. Often, perhaps most often, this is a fiction. In actuality, the executor may have substantial responsibilities with regard to marshalling, inventorying and distributing such property, as well as appraising it for estate tax purposes, spousal elections and postmortem planning.
Mr. Grant, in his will, recognized this reality. Absent fraud or undue influence, no public policy consideration justifies judicial interference with a testator’s freedom to decide how he wishes to compensate his fiduciaries. A contrary rule would deprive testators of the right to obtain the fiduciary of their choice.
The application is, accordingly, granted.