In the Matter of the Estate of DONALD F. OTHMER, Deceased. GERHARD FROHLICH, Appellant; LONG ISLAND COLLEGE HOSPITAL et al., Respondents. [796 NYS2d 109]—

In a proceeding for the judicial settlement of the final account of the preliminary executors and the executors of the will of Donald F. Othmer, deceased, for the period from November 1, 1995, through May 28, 1999, the petitioner Gerhard Frohlich appeals, as limited by his brief, from so much of an order of the Surrogate's Court, Kings County (Feinberg, S.), dated February 9, 2004, as denied his motion for summary judgment fixing his compensation as preliminary executor in the sum of $2,563,803.81 and granted that branch of the cross motion of Long Island College Hospital, Polytechnic University, Chemical Heritage Foundation, and the Attorney General which was for summary judgment limiting his compensation for all services as an executor of the decedent's will, whether performed as a preliminary executor or as an executor, to the sum of $400,000.

Ordered that the order is affirmed insofar as appealed from, with costs.

The petitioners, Gerhard Frohlich and Theodore Wagner, were named co-executors in article fourteen of the decedent's will, which provides: "The commissions payable to my executors

shall be according to the New York statute then in effect, but shall in no event exceed the sum of $800,000, which amount shall be divided between my executors, if more than one shall be serving, as they may agree, recognizing the extent of the duties and the relative difficulty of the duties assumed by each or done by each in his respective tenure in office, and the remaining duties and their extent remaining after his tenure, and I direct that each executor agree in writing to that provision as a condition of qualifying." In the event either or both nominated executors failed to qualify, nonparty Fiduciary Trust Company International of New York was named as an alternate executor. Following the death of the decedent, Wagner and Frohlich offered the will for probate on November 3, 1995. On the same day, they filed a petition for preliminary letters testamentary. Preliminary letters testamentary were issued on November 20, 1995. The will was admitted to probate on July 8, 1996. The preliminary letters were vacated, and letters testamentary were issued to Wagner and Frohlich. On November 4, 1996, Frohlich filed a renunciation of compensation provided under the will pursuant to SCPA 2307 (5). Wagner did not renounce the provision limiting his compensation as executor. On November 25, 1996, the executors, Wagner and Frohlich, filed a successful ex parte petition for advance payment of commissions pursuant to SCPA 2311, requesting that each executor receive $200,000 on account of their commission. In his supporting affidavit, Frohlich purported to preserve his right to statutory commissions under SCPA 2307 by reason of his renunciation. In July 1999, when the executors filed an account of their administration of the estate and petitioned for the settlement of their account, Frohlich requested that he be awarded full statutory commissions of $5,323,112, less the $200,000 advance. Wagner only requested that the court award him $400,000 in compensation as provided in the will, of which $200,000 had been paid. The residuary beneficiaries of the estate, several charitable entities, including Long Island College Hospital, Polytechnic University, and the Chemical Heritage Foundation, as well as the Attorney General, statutory representative of charitable beneficiaries (hereinafter collectively the Charities), objected to the accounting, inter alia, on the ground that Frohlich was not entitled to statutory commissions. The Charities contended that the will limited compensation to the sum of $800,000, Frohlich was required to either accept the compensation cap or not serve at all, and because Frohlich petitioned for preliminary letters testamentary in which he swore that he was entitled to letters testamentary immediately upon the probate of the will, he satisfied the condition prece-

dent to qualifying by implicitly accepting the compensation provided in the will, notwithstanding his renunciation.

Contrary to Frohlich's contention, the Surrogate's Court properly denied his motion for summary judgment to fix his statutory compensation as preliminary executor in the sum of $2,563,803.81, and granted that branch of the Charities' cross motion which was for summary judgment, inter alia, limiting him under the will's provisions to the sum of $400,000 as compensation for all services as an executor, whether performed as a preliminary executor or as an executor of the estate.

The general rule is that a testator may condition the right to serve as fiduciary (*see Matter of Healy,* 255 App Div 361). Acceptance of an appointment as executor cannot be given effect unless the condition is satisfied (*see Matter of Grant,* 155 Misc 2d 819 [1993]). On the other hand, an appointment of an executor upon a condition precedent which violates public policy is invalid in its entirety (*see Oliver v Wells,* 254 NY 451 [1930]; *Hogan v Curtin,* 88 NY 162 [1881]; *Matter of Folsom,* 142 NYS2d 144 [1955], *affd* 6 AD2d 691 [1958], *affd* 6 NY2d 886 [1959]).

A testator can deny all commissions to the executor, whose only options then are to serve without commissions or decline to serve (*see Matter of Mason,* 98 NY 527 [1885]). If the testator gives the executor a specific sum in lieu of commissions, the executor may accept that sum, or, within four months, renounce that sum and take a statutory commission (*see* SCPA 2307 [5] [b]; *Matter of Carlisle,* 142 Misc 2d 657 [1989], *affd sub nom. Butler v Mander,* 159 AD2d 379 [1990]).

The Surrogate's Court correctly determined that the appointment of an executor in this case was a conditional one, conditioned on acceptance of the compensation cap provided in the will, that such a provision was valid inasmuch as a successor or alternative executor was named in the will in the event Frohlich refused to accept the condition, and that Frohlich accepted the condition before purporting to renounce the compensation provided in the will, through his petition for preliminary letters testamentary (*see* SCPA 2307 [5] [b]; *Matter of Roth,* 291 NY 1 [1943]; *Butler Univ. v Danner,* 114 Ind App 236, 50 NE2d 928 [1943]; *cf. Matter of Folsom, supra*).

Frohlich's claim that the will's compensation cap cannot apply to his service as a preliminary executor is without merit. When a will is admitted to probate the right to a commission as a preliminary executor is merged with the right to a commission as an executor even where the will limits the compensation to an executor (*see* SCPA 1412 [7]; *Matter of Birch,* 50 AD2d 951 [1975]). Cozier, J.P., Ritter, Santucci and Luciano, JJ.,

concur. [*See* 1 Misc 3d 908(A), 2004 NY Slip Op 50005(U) (2004).]