OPINION OF THE COURT
Renee R. Roth, S.
*245 The novel question regarding the estate of James R Brokken is whether the disclosure requirements of Surrogate’s Court Procedure Act § 2307-a may be waived by the beneficiaries of his will so that the attorney-fiduciary may receive full commissions. Testator died on November 3, 2005, at the age of 64, survived by five siblings. He left an estate valued at approximately $3.5 million. Under his will, executed on December 16, 1994, testator divided his residuary estate among his siblings. Under article ninth of the will, he named one of his brothers and his lawyer as coexecutors and expressly acknowledged his awareness that counsel “will be entitled to receive executor’s commissions as provided by law” and that “the law firm of which he is a partner may be compensated for legal services rendered to my estate.”
It is observed that the will was prepared by a lawyer in the attorney-fiduciary’s firm and therefore the requirements of section 2307-a of the SCPA apply. It is further observed that testator’s acknowledgments in article ninth fall short of the requirements for a disclosure statement under the statute since, among other things, they are incorporated within the instrument rather than separate from it (see SCPA 2307-a [2]). Thus, the attorney-fiduciary would ordinarily be limited to one half the commissions to which he would otherwise be entitled (SCPA 2307-a [5]).
However, annexed to the petition for probate are instruments signed by each of the five residuary beneficiaries consenting to full commissions for the attorney-fiduciary. Additionally, such instruments indicate that each of the beneficiaries has been apprised of all of the matters that the statute contemplates be disclosed to testators where the attorney-fiduciary is the draftsman or affiliated with the draftsman (e.g., that, with limited exceptions, any person, including an attorney, may serve as executor; that, in addition to commissions, an attorney-executor will be entitled to fees for legal services relating to his fiduciary duties). In other words, if testator had signed such an instrument, the statute would have been satisfied. The question is whether the statutory limitation on the attorney-fiduciary’s commissions where there is no disclosure statement from the testator can in effect be overridden by consents from his beneficiaries.
Almost 20 years before the statute was enacted, the Court of Appeals had recognized the special vulnerability of a client when he retains an attorney to prepare his will (Matter of Weinstock, *246 40 NY2d 1 [1976]). In that case, the draftsman of the will had sought to advance his own personal interest by violating the admonition in the Code of Professional Responsibility that “[a] lawyer should not consciously influence a client to name him as executor . . . in an instrument” (EC 5-6, as quoted in Matter of Weinstock at 6).
The legislative history of SCPA 2307-a confirms that the statute was specifically designed to limit the prospects for overreaching on such occasions (see Assembly Mem in Support of Legislation [S 3195-A/A 5491-A], Bill Jacket, L 1995, ch 421, at 5). Given the opportunity for double dipping when the same lawyer serves as both fiduciary and counsel, supporters of the legislation noted that a designation of the draftsman (or his affiliate) as fiduciary cannot be free from suspicion absent objective proof that the testator understood his options in such respect (see, e.g., Report from Assn of Bar of City of NY, Bill Jacket, L 1995, ch 421, at 19-20). But, although the statute by its terms requires disclosure to the testator himself, as a practiced matter he is, in effect, a proxy for the ultimate object of the section’s protection, i.e., the beneficiaries who will absorb the burden of legal fees and commissions payable from the estate. Accordingly, it stands to reason that such beneficiaries, as the real parties in interest, should be able to waive the statute’s protection by consenting to full commissions where the attorney-fiduciary would otherwise be entitled to only one half as much. Where the written consents evidence full disclosure to the beneficiaries, there can be no basis for concern that such waivers may not be informed. It is noted that such a consent is merely an aspect of an interested party’s right to adjust his interests in a probate proceeding (whether by paying money to an objectant to settle a probate contest or by paying a higher commission to a fiduciary).
Based upon the foregoing, the probate decree has been signed without any limitation on the commissions of the attorney-fiduciary.