OPINION OF THE COURT
John B. Riordan, J.
*247 Before the court in this miscellaneous proceeding pursuant to SCPA 2311 is the petition by Steven Ostrer, as executor of the estate of Bruce L. Goldberg, deceased, seeking entry of an order without notice (1) permitting him to receive $91,018.93 on account of commissions from the estate; (2) dispensing with the filing of a bond in that amount if and to the extent payment thereof is disallowed; and (3) directing that the total expenses in connection with this application shall be borne by the petitioner.
The decedent died on January 21, 2007 survived by his wife, Debbie Goldberg, a son, Adam Goldberg, and a daughter, Elyssa Goldberg. The decedent’s last will and testament dated March 21, 2001 was admitted to probate on April 8, 2007, and letters testamentary issued to the petitioner on that date. Article ten of the will states, in pertinent part:
“I hereby direct that any person, including an attorney, who serves as an executor or as a trustee for me under the provisions of this Last Will and Testament shall not be entitled to receive commissions, statutory or otherwise, for any executorial or trustee services rendered to my estate, in any jurisdiction.”
SCPA 2311 allows a fiduciary to make an ex parte application for advance payment of commissions during the administration of an estate. Normally, where payment on account is directed by the court, such payment cannot exceed the receiving commissions to which the fiduciary will be entitled (SCPA 2311 [3]; Matter of Butta, 185 Misc 2d 689, 690 [Sur Ct, Bronx County 2000]). The petition must allege that
“unless he is allowed such sum on account of commissions he or the estate will be deprived of substantial advantages under the income Tax Laws of the United States or the state of New York or that he will suffer inconvenience or hardship or that all persons whose rights and interests would be affected by the payment applied for are persons under no legal disability and have by acknowledged instrument consented thereto.” (SCPA 2311 [1].)
The petitioner alleges that he has received assets that are subject to executor’s commissions. He calculates that one half of receiving commissions is the amount of $91,018.93 based on a gross probate estate of $7,401,893. The petitioner avers that he desires to receive advance payment of commissions on account *248 in the 2008 calendar year because of income tax planning and potential income tax savings associated with and resulting from separate payments spread out over separate calendar years. The petitioner also alleges that the federal and state estate tax returns have been filed, that he elected to pay a portion of the estate taxes in installments pursuant to Internal Revenue Code (26 USC) § 6166 and that the undeferred portion of both the federal and state estate taxes has been paid. The petitioner further alleges that all specific bequests under the decedent’s will have been paid.
Debbie, Adam and Elyssa being all the beneficiaries under the will, and Steven Horowitz, Henry Klosowski and the petitioner, in their capacity as cotrustees of the trusts, have executed a consent to the payment of executor’s commissions in accordance with SCPA 2307. The petitioner alleges that none of these individuals is under a disability
SCPA 2307 governs the amount of commissions payable to fiduciaries other than trustees. The rates of compensation are set forth in the statute (SCPA 2307 [1] [a]-[e]). Where the will provides for a specific compensation to an executor, the executor may, within four months from the date of the issuance of letters, renounce the specific compensation afforded by the will and receive instead the statutory commission (SCPA 2307 [5] [b]). However, where the will specifically provides that the executor is to serve without any compensation, the usual rule is that the executor has only two options: either decline to serve at all, or serve without compensation (Matter of Othmer, 18 AD3d 758, 760 [2d Dept 2005], citing Matter of Mason, 98 NY 527 [1885]). The difference in the case now before the court is that unlike in the Othmer and Mason cases, here all of the beneficiaries have executed and submitted knowing waivers to the court that they are aware the will provides that the executor serve without commissions, but that they nevertheless consent to the executor receiving a full statutory commission. The papers submitted cite to no precedent allowing commissions in such a case and the court’s own research does not reveal any. But, the courts have permitted full statutory commissions, e.g., to an executor who is only entitled to half a commission pursuant to SCPA 2307-a where all of the beneficiaries of the estate have consented (Matter of Brokken, 12 Misc 3d 244 [Sur Ct, NY County 2006]; Matter of Marcus, NYLJ, June 23, 1999, at 33, col 4 [Sur Ct, Nassau County]).
*249 Accordingly, based on the consents of the beneficiaries, who will be bearing the cost of the executor’s commissions, the petition is granted.