In the Matter of the Construction of the Will of ALBERT H. STOUT, Deceased.

Surrogate's Court, Queens County, December 17, 1954.

*Charles W. Silver* for Elsa M. Stout, petitioner.

*Nathan, Mannheimer, Asche & Winer* for J. Isham Bliss, as trustee under the will of Albert H. Stout, deceased.

*White & Case* for American National Red Cross.

*Heywood, Benedict & Hurry* for Society for Relief of Destitute Blind.

*Emmet, Marvin & Marlin* for Home for Incurables.

SAVARESE, S. Petitioner in this construction proceeding is the income beneficiary of a trust created under the will of Albert H. Stout, deceased. Respondents are the trustee and the remaindermen. The original petition alleged a need for construction upon three items; however, interim negotiations between the interested parties have caused two of the items to be removed by amendment to the petition. In view of this amendment, the only question submitted to the court is the validity of the power conferred upon the trustee under paragraph "D" of article "Fifth" of the will which reads as follows: "Inasmuch as my wife and I have no close relatives and are quite alone, it is my desire to place my Trustee in a position to reward any person or persons who may, if my wife survives me, have been of comfort or assistance to her throughout the closing years of her life. Accordingly, if my wife survives me I authorize my Trustee upon her death to pay to such person or persons as may have served my wife or have been of aid or comfort to her during her closing years and as he may in the exercise of his discretion select, such part or parts of the principal of the trust as my Trustee in his sole, absolute and uncontrolled discretion deems advisable in the circumstances, but I direct that such payments in the aggregate shall not exceed one-half (½) of the principal of the trust as the same shall exist when my wife dies."

It is the petitioner's contention, in which she is supported by the trust remaindermen, that the description of the person or persons to be benefited is so vague and uncertain as to be void. They have accordingly requested a judicial determination to that effect. The sole opposition to the granting of the relief requested is from the trustee whose answer is tripartite.

He contends first that petitioner is not a proper party to request such a construction, however, if petitioner is a proper party to request the relief here sought, then the request is premature as subsequent events may eliminate the problem, and finally, the trustee-respondent asserts that courts have upheld

gifts to the beneficiaries designated in terms no less vague than those presently before the court. Respondents' points one and two are without merit in the context of the instant case. While the life tenant has no interest in the disposition of the corpus subsequent to the termination of her estate, the remaindermen have in substance adopted her position and their standing cannot be effectively challenged. That the proceeding is at present premature is admitted, but if all beneficially interested parties are presently before the court, I see no reason why the matter should not be now resolved and save the parties and the estate the expense of recurrent litigation.

The ultimate question is, of course, whether the legacy is void for indefiniteness and uncertainty. The cases have generally held that where the description of the class to be benefited is so indefinite as to preclude a definitive choice by the grantee of the power, the gift must fail for uncertainty. (*Matter of Carpenter,* 163 Misc. 474.) But where the description though not precise at the death of testator, is as definite as the nature of the class sought to be defined permits, the courts will not interfere with the design of the testator. (*Matter of Utter,* 173 Misc. 1069; 3 Jessup-Redfield, Surrogate's Law & Practice, § 2604; 1 Scott on Trusts, § 54.2.)

It is the decision of the Surrogate that the instant case falls into the latter category. Testator made it clear that he did not intend to reward those who conferred mere incidental services upon his widow but contemplated as the subjects of his bounty those who " have been of comfort or assistance to her *throughout the closing years of her life."* (Emphasis supplied.) It is this language which saves the instant case from the blight of excessive vagueness. The language in the instant case is sufficient to eliminate claimants who had performed mere ministerial services or who had done no more than be physically present at the happening of some event.

The legacy is therefore held to be valid, though the designation of the particular legatees must abide the event of the income beneficiary's death. Submit decree on notice.