In the Matter of the Construction of the Will of ALBERT H. STOUT, Deceased. ELSA M. STOUT et al., Appellants; J. ISHAM BLISS, as Trustee under the Will of ALBERT H. STOUT, Deceased, et al., Respondents.— In a proceeding for the construction of a will, petitioner, who is the income beneficiary of a trust thereby created, The Theosophy Company, Inc., which is a remainderman, and the Attorney-General of the State of New York appeal from a corrected decree of the Surrogate's Court, Queens County, dated March 11, 1955. Petitioner also appeals from the original decree dated February 4, 1955. The corrected decree construed the will, declared valid a provision thereof which provides that a trustee named in the will may, upon the death of the income beneficiary, "pay to such person or persons as may have served my wife [the income beneficiary] or have been of aid or comfort to her during her closing years and as he may in the exercise of his discretion select, such part or parts of the principal of the trust as my Trustee in his sole, absolute and uncontrolled discretion deems advisable in the circumstances" not to exceed one half of the principal of the trust as it may exist when the income beneficiary shall die, and makes certain allowances. The petitioner and the remainderman have withdrawn their appeals insofar as they relate to allowances. The trustee was given wide discretionary powers to invade the principal of the trust during the lifetime of the income beneficiary, for her benefit. Upon the death of the income beneficiary, the principal of the trust, less such part or parts as might have been disbursed, pursuant to the powers conferred upon the trustee, was directed to be divided among named charities. Originally, petitioner had requested a construction as to the provisions of the will authorizing the trustee to invade the principal of the trust for her benefit during her lifetime, and with respect to the charitable bequests. Before the proceeding came on to be heard before the Surrogate, however, the petition was amended, and the only question submitted for determination was that with respect to the validity of the power conferred upon the trustee, heretofore quoted. In his answer, the trustee asked that the power be declared valid or, in the alternative, that he be permitted to relinquish it, or that the petition be dismissed as premature. Corrected decree dated March 11, 1955, modified on the law by deleting therefrom the first and second ordering paragraphs, and by

substituting therefor a provision that the petition be dismissed as premature and, as so modified, unanimously affirmed, with costs to the respondent trustee, payable out of the estate. It is our opinion that the petition for construction, limited as it was at the time when it was finally submitted to the Surrogate, should not have been entertained. Petitioner alleged no facts which tended to establish any interest on her part in the controversy finally submitted nor were any facts alleged which established any necessity for a determination thereof. The special power granted to the trustee to pay a portion of the principal of the trust to a person or persons who shall have aided or comforted petitioner during the closing years of her life may be exercised only after petitioner's death, and whether or not it is to be exercised rests entirely within the discretion committed to the trustee. For various reasons, which include the possibility that the principal of the trust may be entirely exhausted at the time of petitioner's death, it may never be exercised. Until it is exercised, if it shall be, there can be no person before the court who has any substantial interest in sustaining the validity of the power. Any present discussion as to the rights of the remaindermen as against those of a beneficiary, who may or may not be designated in the future, can only be abstract and academic. The question presented should wait for its determination until the time comes, if it does, when the power may be executed, or until facts are presented, not now before the court, which require that a determination be made. Courts have occupation enough in determining controversies which have become practical, without spending time in hearing discussions respecting those which are merely speculative or potential. (Cf. *Scott* v. *Onderdonk,* 14 N. Y. 9, and *Matter of Mount,* 107 App. Div. 1, affd. 185 N. Y. 162.) Appeal from decree dated February 4, 1955, dismissed, without costs. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ. [207 Misc. 79.]