S. Samuel Di Falco, S.
This is an application by the preliminary executors in a probate proceeding to dismiss a claim asserted against the estate. This claim to one half of the estate was made by the claimant simultaneously with his opposition to a decree approving a compromise agreement which would dispose of a heavily litigated protracted will contest. Under several wills of the decedent, including this last will, he would be entitled to a $20,000 legacy. The claim is based on an alleged oral promise by the decedent to make a will which would give to the claimant one half of the residuary estate in consideration of the claimant’s conveyance to the *1007 decedent of a one-half interest in a house on Fire Island. This house was sold on January 7, 1973 for $47,000. The claimant asserts that his interest in the estate is upwards of $500,000.
A bill of particulars served in support of the claim alleges that the agreement was partly oral and partly in writing. The writing is a will dated January 18, 1965 which was revoked by a later will. There were several later wills, and deeds affecting the Fire Island property. The first deed made on February 2, 1963 was given to the claimant as grantee by the decedent as grantor. That deed reserved to the decedent a life estate. The next deed dated January 16, 1965 was executed by the claimant, creating a joint tenancy with right of survivorship in himself and the decedent. The third deed is from the joint tenants as grantors to Bessie Thoens, the decedent as grantee. The will relied upon by the claimant bequeaths to him one half of the residuary estate after bequests of tangible personal property and eight general legacies of $5,000 each and another bequest relating to stock in a closed corporation.
This application seeks to dismiss the claim pursuant to CPLR 3211 (subd [a], par 5) on the ground that the claim is not maintainable because it is barred by the Statute of Frauds (EPTL 13-2.1). The court will treat this motion as a proceeding pursuant to SCPA 1809, namely as a proceeding by the fiduciary to determine the validity and enforceability of this claim. In such a proceeding the court may determine the claim and all issues relating thereto and make such direction as justice shall require.
All parties to the probate proceeding have joined the preliminary executor in urging the dismissal of this claim. A preliminary executor pursuant to SCPA 1412 is conferred with all the powers and authority contained in the instrument offered for probate. The preliminary executor is cloaked with authority to bring this proceeding, and the court may on this motion consider the validity of the claim.
It is the claimant’s argument that he is entitled to a trial of the issues and that his transfer of his interest in the real property on Fire Island supported by the will of January, 1965 which devises the residuary estate to him constitutes a memorandum sufficient to satisfy the statutory requirement of the Statute of Frauds. EPTL 13-2.1 reads: "Agreements involving a contract * * * to make a testamentary provision of any kind * * * required to be in writing: (a) Every agreement, promise or undertaking is unenforceable unless it or some note or *1008 memorandum thereof is in writing and subscribed by the party to be charged therewith * * * if such agreement promise or undertaking * * * (2) Is a contract to make a testamentary provision of any kind.” Professor Rohan in New York Civil Practice (vol 9D, EPTL 13-2.1 [2]) deals with these contracts. He indicates that the existence of a valid contract must be proven by the party claiming such an agreement and that the requisite elements for establishing such a contract must necessarily be shown. Consideration and a meeting of the minds should be present to prevent against the possible enforcement of a fraud. The evidence to prove such a contract must be clear and convincing. Professor Rohan says, "Whether or not a will itself is sufficient evidence to satisfy the statute of frauds for testamentary dispositions will depend on whether or not the contract is clearly recited in the will, thereby leaving nothing for extraneous evidence.” The January, 1965 will contains no reference of such a contract.
Wallace v Wallace (158 App Div 273, 281-282, affd 216 NY 28) indicates: "Such a contract must be in writing and the writing produced, or, if ever based upon parol evidence alone, it must be given or corroborated in all essential particulars by disinterested witnesses — 180 N.Y. 121; (2) such testimony must be of the clearest and most convincing character — 180 N.Y. 121; (3) verbal admissions of the decedent in any event, and especially when uncorroborated by other facts or evidence, should always be weighed with very great caution, and such admissions, made in the course of casual conversation, when testified to after a great lapse of time, should be given little probative force — 180 N.Y. 120, 121; 194 id. 81; (4) the testimony of such a witness should be free from circumstances making it appear like an afterthought — 194 N.Y. 81; (5) the evidence must establish the alleged contract in certain and definite terms — 202 N.Y. 70; (6) the admissions should be recalled and expressed by the witness in substantially the exact language of the decedent and not merely according to the witness’ understanding — 127 App. Div. 97; 194 N.Y. 81; and (7) the alleged contract, or what it would accomplish, should seem to be equitable — 177 N.Y. 48.”
It would seem that the claimant relies on the will of January, 1965 as the memorandum sufficient to satisfy the statute. As indicated above, this will was revoked by a later instrument and as a matter of fact there were several intervening instruments made since that will and before the will *1009 offered for probate. It appears that the claimant is attempting to establish an oral contract to make a will and relies on his performance in pursuance thereof to take the case out of the Statute of Frauds. The cases have indicated that not all present performances will be equitably enforced in a contract to make a will. Mere action without reference to the alleged oral agreement is in most instances not that performance required to take the agreement out of the operation of the statute (Burns v McCormick, 233 NY 230).
The claim is dismissed.