In the Matter of the Estate of JOHN C. N. REOHR, Deceased. ALBERT HESSBERG, II, et al., as Executors of JOHN C. N. REOHR, Deceased, Appellants; RICHARD STEELE et al., Respondents.

Third Department, December 6, 1979

APPEARANCES OF COUNSEL

*Poskanzer, Hessberg, Blumberg, Dolin, Barba, Greisler & Trombly (Albert Hessberg, II,* of counsel), for appellants.

*Paul H. Wein* for respondents.

## OPINION OF THE COURT

*Per Curiam.*

The decedent died testate May 18, 1977. The appellants were appointed as coexecutors and on November 13, 1978 they filed their final account, together with a petition for approval. The residuary legatees filed objections to the amount of attorneys' fees and executors' commissions. The appellants responded with a motion, brought on by order to show cause, for summary judgment.

The Surrogate's Court determined that the reasonableness of the attorneys' fees was a matter for its discretion and that sworn testimony in affidavit form was inadequate to conclusively establish the facts therein so as to preclude cross-examination. Further, the court found that, upon the face of the papers before it, there remained open questions of fact as to whether or not both executors rendered services to the estate and as to the legal relationship of the executors (attorney and client) and the knowledge of the decedent in naming them.

The appellants seek a reversal of the order insofar as it directed a hearing and denied the motion to strike the objection to the payment of executors' commissions.

SCPA 2307 (subd 1) provides, in part, as follows: "On the settlement of the account of any fiduciary other than a trustee the court * * * *must allow to the fiduciary* * * * the following commissions". (Emphasis added.) SCPA 2307 (subd 5, par [b]) provides that where the gross value of the principal of the estate accounted for is from $100,000 to $200,000 and there are two executors, each is entitled to full commission.

In view of the mandatory language of section 2307, the courts have universally concluded that in the absence of mathematical error in the computation of commissions or allegations of fiduciary misconduct, the Surrogate, at the time of a final account, has no discretion with respect to the payment of executor's commissions. He must follow the mandate of the statute (4B Warren's Heaton, Surrogates' Courts, § 421, par 2[a]).

*Matter of Weinstock*·(40 NY2d 1), relied upon by the trial court, does not compel a contrary result. In *Weinstock,* evidence of executorial improprieties and overreaching justifying disqualification was properly raised at the *probate proceeding.* Here, the will was admitted to probate, letters testamentary were issued to the coexecutors and they proceeded, without objection, to discharge the duties and obligations imposed upon them by the terms of the testator's will, including the payment of bequests, as well as the preparation and payment of both State and Federal estate taxes. They have earned the commission which the statute allows (SCPA 2307, subds 1, 5, par [b]). To hold otherwise would be tantamount to judicial creation of procedures to attack final accounts in estate matters on grounds beyond those set forth in the Surrogate's Court Procedure Act. This we should refrain from doing. The statute provides for examination of a fiduciary before, as well as after, filing objections to an account (SCPA 2211). Further, discovery proceedings are available if an interested party has reason to believe that there is need for relief against a fiduciary (SCPA 2102, 2103). Here, without resort to any of the methods of inquiry provided for by law, the objectants allege, without particularization, that there exists a conflict of interest between the coexecutors since the attorney executor has represented the bank executor on prior occasions. Since there exists no per se disqualification because of such a relationship, it was error for the Surrogate to order a hearing long after the will had been probated and the work of the fiduciaries had been finished, all without objection.

Therefore, since the objections filed at the time of the final accounting contain no allegations that the computation of commissions is incorrect or that any fiduciary misconduct occurred during the management of the estate, that branch of appellants' motion for summary judgment dismissing the objections to the payment of executors' commissions should have been granted.

The order should be modified, on the law, by adding thereto a provision dismissing respondents' objection to the payment of executors' commissions, and, as so modified, affirmed, without costs, and the matter remitted to the Surrogate's Court of Albany County for further proceedings not inconsistent herewith.

MAHONEY, P. J., SWEENEY, KANE, STALEY, JR., and HERLIHY, JJ., concur.

Order modified, on the law, by adding thereto a provision dismissing respondents' objection to the payment of executors' commissions, and, as so modified, affirmed, without costs, and matter remitted to the Surrogate's Court of Albany County for further proceedings not inconsistent herewith.