OPINION OF THE COURT
C. Raymond Radigan, J.
The within motion for an order striking objections 1 (d) and (e) made to the account filed by the coexecutors (CPLR 3212, subd [e]; 3024, subd [b]) is denied.
Decedent, by codicil dated August 30, 1975, nominated his attorney and that attorney’s accounting partner as coexecutors of his estate. It was apparent from the outset of the probate proceedings that this estate was of sufficient financial magnitude as to fall within those provisions entitling each fiduciary to seek a full commission (SCPA 2307, subd 5).
Decedent died November 9,1976, and permanent letters were issued by decree dated February 10, 1977. The five objectants constitute decedent’s widow and four children, all of whom comprise the primary beneficiaries of this estate. Probate was accomplished without objection to the *248 nominated fiduciaries. Decedent’s youngest issue, then an infant, was represented by a guardian ad litem. It does not appear that decedent’s three adult issue were individually represented by counsel in the probate proceedings. The fiduciaries’ administration of this estate continued without objection until the filing of their final account. This account was filed subsequent to the bringing on of a petition to compel an accounting. The examination of the schedules constituting this account indicates an administration with some complexity.
The objections which the accounting parties seek to have dismissed relate to the right of the two fiduciaries to each seek a full commission. The issues relative to the coexecutors’ administration of the estate and whether that administration would justify some form of reduction in their compensation is not presently before the court. More particularly, it is now claimed that the cofiduciaries, one of whom was the attorney draftsman of the codicil containing his appointment, “negligently, unethically, improperly, and/or fraudulently” failed to inform the testator of the standards for two full commissions and that two commissions should, therefore, not be paid.
As heretofore noted, from its inception, the estimated value of the assets of this estate provided a base for each fiduciary to seek a full commission. Absent some cause arising during the administration of the estate which would warrant a reduction in statutory compensation, the mandatory provisions of SCPA 2307 (subd 1) would require the payment of the commissions established by that statute. Equally, it is the rule that where an attorney draftsman without proper disclosure to the client gains nomination as the fiduciary, such could constitute a form of constructive fraud and provide justification to preclude counsel from appointment to the office of fiduciary (Matter of Weinstock, 40 NY2d 1). What these objections and this motion now bring to the court is the question of whether the issues presented in Matter of Weinstock are limited to the probate proceeding. That is, may a party who has acquiesced in probate without invoking a claim of fraud be permitted to later be heard to raise the issue of constructive fraud on the final accounting? Certainly, this presents *249 conflicting equities which may themselves vary with subtle changes in the supporting factual pattern. Assuming a case of overreaching, should an attorney/fiduciary ever be permitted to benefit from his or her own fraud, constructive or otherwise? Should the victim of that overreaching be permitted to take advantage of the circumstances to the end of gaining services without having to respond with recognized compensation? Is it significant that the party alleged to have overreached is an attorney whose conduct is further subject to the strictures of the Canons of Professional Responsibility? Should it matter when the overreaching first became known to the victim of the act? The court believes that these and other considerations are vital to the ultimate resolution of the question raised by the motion to strike the objections. To this end it is first noted that although this motion is for summary relief, neither the moving papers nor those submitted in opposition are made by a person having knowledge of the facts. This circumstance is ground enough to deny the present request for partial judgment either in favor of or against the moving parties (CPLR 3212, subd [b]; Indig v Finkelstein, 23 NY2d 728). Notwithstanding this procedural insufficiency and with perception of the ultimate issue, the court is, nevertheless, satisfied that the questions raised by objections 1 (d) and (e) may properly be raised within the accounting proceeding. As the objections are in the form of pleadings only, the court presently is unable to factually determine whether there was overreaching and, if so, whether the objectants should in the circumstances be estopped to complain by reason of their own conduct or delay. These issues must await a plenary hearing. The court is prepared to rule, however, that where, as here, the allegations concern counsel, the objections, unless ultimately foreclosed by some countermanding compelling equitable reason, may be heard postprobate and upon the final accounting. The Code of Professional Responsibility prohibiting an attorney from consciously influencing his or her designation as fiduciary (EC 5-6) is not a matter for casual concern. Attorneys are charged with the public’s confidence and held to higher levels of propriety. To conclude otherwise would serve to undermine the public trust in the profession charged with the responsibility of main *250 taining our system of justice. The Bar must be prepared to withstand scrutiny of their professional conduct and particularly so when they have failed to avoid the appearance of impropriety by becoming personally interested in the event for which they are retained as counsel. Professional responsibility is also premised upon standards greater than the simplicity of procedural rules or evidentiary practices. An attorney cannot be permitted to insulaté his or her conduct from review solely upon the argument that time has resulted in the investment of additional services, irrespective that such claim could result in a form of windfall to the client. Held to this higher standard, the court does not read Matter ofWeinstock (supra) as a doctrine without postprobate vitality. Further, the court observes that it is not unmindful of the holding in Matter of Reohr (71 AD2d 161), cited in support of summary relief. To the extent that this authority may be viewed as finding an attorney’s conduct in securing his or her nomination beyond scrutiny postprobate, this court respectfully disagrees since statutory provisions hold otherwise. Once appointed, a fiduciary is subject to removal irrespective of the status of the administration and where “the objection was not taken * * * before the letters were granted.” (SCPA 711, subd 1.) Matter of Weinstock cannot then be viewed as describing the issues before that court as purely a probate matter. On the contrary, probate was accomplished, but the conduct of the nominated fiduciaries was such “as to preclude their serving as executors of his will.” (Matter of Weinstock, supra, p 7.) It is thus seen that the question was a qualification issue which only coincidentally was raised during probate but not necessarily exclusive to that stage of the estate proceedings. (SCPA 711, subd 1.) Accordingly, the court finds that objections 1 (d) and (e) may properly be raised upon the final accounting and the ultimate substantive issues asserted with the claims of overreaching as well as any opposing equitable arguments must await a factual hearing.