■ In the Matter of the Estate of CAROLINE W. BECKER, Also Known as CAROLINE BECKER, Deceased. THOMAS L. RYAN et al., Appellants; ROBERT T. McLAREN et al., Respondents. — In a probate proceeding, the petitioners appeal from so much of an order of the Surrogate's Court, Suffolk County (Seidell, S.), dated March 9, 1982, as (1) declared paragraph "Eighth" of the last will and testament of Caroline Becker, dated August 15, 1976, invalid to the extent that it names the petitioners as coexecutors, (2) invalidated the second codicil to the aforementioned will, dated August 14, 1977, granting the petitioners the power to remove the corporate executor-trustee Chase Manhattan Bank, (3) revoked the preliminary letters testamentary previously issued to the petitioners, (4) granted letters testamentary and letters of trusteeship to Chase Manhattan Bank upon qualification, and (5) directed the petitioners to file their account within 30 days.

Order affirmed, insofar as appealed from, without costs or disbursements.

The narrow issue presented on this appeal is whether paragraph "Eighth" of the decedent's last will and testament should be declared invalid insofar as it designates the petitioners (her former attorney and his wife) to act as coexecutors under the will, and whether the second codicil thereto, granting the petitioners the further power, *inter alia,* of removing the corporate coexecutor, should similarly be declared invalid, both on the ground of undue influence. Notably, the acting Surrogate saw and heard each of the 15 or so witnesses who testified at the trial, and since the issues presented are largely factual in nature, we have accorded substantial weight to his appraisal of their relative credibility (*Amend v Hurley,* 293 NY 587, 594; *Barnet v Cannizzaro,* 3 AD2d 745, 747).

Thus viewed, and on the basis of an independent examination of the record as well as the applicable principles of law, we find

no warrant for disturbing his conclusion that the petitioner draftsman Thomas L. Ryan "manipulated the decedent and exercised undue influence in the drafting and execution of the two instruments in question". Accordingly, we find that the petitioners were properly precluded, *inter alia,* from serving as coexecutors under the will (see *Matter of Weinstock,* 40 NY2d 1). Mangano, J. P., Gibbons, Thompson and Rubin, JJ., concur.