■ ROBERT KRUPP et al., Respondents, v AETNA LIFE & CASU-
ALTY Co., Also Known as AETNA CASUALTY & SURETY Co.,
Appellant. — In an action to recover proceeds under a
homeowner's fire insurance policy, the defendant insurer ap-
peals, as limited by its brief, from so much of an order of the
Supreme Court, Suffolk County (Luciano, J.), dated July 25,
1983, as denied that branch of its motion which was for leave to
serve an amended answer asserting a counterclaim against
plaintiff Mary Krupp.

Order reversed insofar as appealed from, on the law, without
costs or disbursements, and defendant's motion granted in its
entirety.

The underlying action involves a claim by plaintiffs against
defendant (hereinafter Aetna) under a standard homeowner's
fire insurance policy, to recover the policy proceeds emanating
from a fire at the insured premiums on or about December 29,
1980. In defending the claim, Aetna sought to deny coverage on
the ground that the fire which destroyed the insured premises
was either set by or with the knowledge and complicity of
plaintiffs, with the intent to defraud and deceive the insurer and
thereby secure payment under the existing policy.

By order of the Supreme Court, Suffolk County (De Luca, J.),
dated April 22, 1983, plaintiff Mary Krupp's application for
partial summary judgment against Aetna on the issue of liabil-
ity was granted. Upon Aetna's appeal to this court, the aforesaid
order was unanimously reversed and the application was denied
(*Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252).

In July, 1982, prior to plaintiff Mary Krupp's application for
partial summary judgment, Aetna paid the designated first
mortgagee the sum of $42,566.49, pursuant to the New York
Standard Mortgagee Clause of the parties' insurance policy, in
partial reduction of the plaintiffs' joint obligation to the first
mortgagee. Aetna now claims, by reason of said payment, to be a
subrogee of the mortgagee and, as such, to have the right to
recover $42,566.49 from plaintiffs. In order to assert this claim,
Aetna moved for leave to serve an amended answer pursuant to
CPLR 3025 (subd [b]). Special Term denied this motion with
respect to the plaintiff Mary Krupp, but granted it with respect
to the other plaintiff, Robert Krupp, who had pleaded guilty to
the crime of attempted arson in the fourth degree for his part in
setting fire to the insured premises. We conclude that it was
error to have failed to grant defendant's motion for leave to
serve an amended answer in its entirety.

It is well settled that leave to serve amended pleadings should
be freely granted absent prejudice or surprise (CPLR 3025, subd

[b]; *Fahey v County of Ontario,* 44 NY2d 934, 935), except where such pleadings are totally devoid of merit (*Taylor v Taylor,* 84 AD2d 947; 3 Weinstein-Korn-Miller, NY Civ Prac, pars 3025.15, 3025.23). Furthermore, the mere passage of time, without a demonstration of prejudice by the opposing party, is an insufficient basis upon which to deny leave to amend (*McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.,* 91 AD2d 516, 517, mod on other grounds 59 NY2d 755, 757; *Eng v Di Carlo,* 79 AD2d 1018).

There has been no such demonstration in the instant case. Nor can any claim of prejudice reasonably be made herein inasmuch as the order granting plaintiff Mary Krupp's application for partial summary judgment against Aetna has now been reversed and since she has already received the benefit of Aetna's payment to the mortgagee. Moreover, the proposed amendment is meritorious inasmuch as Aetna, having made payment to the mortgagee pursuant to the terms of the underlying insurance policy, is entitled to have its liability to plaintiffs, if any, reduced by the amount thus paid (see *Grady v Utica Mut. Ins. Co.,* 69 AD2d 668, 673-674). Lazer, J. P., Weinstein, Brown and Lawrence, JJ., concur.