■ NAB-TERN CONSTRUCTORS, Respondent, v CITY OF NEW YORK (YANKEE STADIUM), Appellant. CITY OF NEW YORK, Third-Party Plaintiff, v URS CORPORATION et al., Third-Party Defendants. CITY OF NEW YORK, Third-Party Plaintiff, v ARGONAUT INSURANCE COMPANY, as Completing Surety for Gotham Equipment Corp., Third-Party Defendant. — Order of the Supreme

Court, New York County (Allen M. Myers, J.), entered July 17, 1984 and resettled by said court on December 20, 1984, denying defendant city's motion for partial summary judgment dismissing the fourth cause of action and granting plaintiff's cross motion to amend the complaint, unanimously reversed, on the law, the city's motion granted and the cross motion denied, all without costs.

Plaintiff, a joint venture, brought action against the city to recover damages arising out of the reconstruction of Yankee Stadium. Plaintiff, a general contractor for the reconstruction job, entered into a contract which provided: "The contractor agrees to make no claim for damages for delay in the performance of this contract occasioned by *any* act or omission to act of the City or any of its representatives, and agrees that any such claim shall be fully compensated for by an extension of time to complete performance of the work as provided herein" (emphasis added).

By summons and complaint dated in April 1978, plaintiff commenced this action. The complaint contains five causes of action. The fourth cause, the only one with which we are here concerned, deals with delay damages. Approximately $5.75 million is sought. The city moved for partial summary judgment dismissing this cause. Plaintiff cross-moved for leave to serve an amended complaint. Special Term denied the motion and granted the cross motion.

We think this was error. The exculpatory clause is in precisely the same language as that involved in *Kalisch-Jarcho, Inc. v City of New York* (58 NY2d 377). The Court of Appeals held the provision operable and binding except in cases of intentional wrongdoing. "This can be explicit, as when it is fraudulent, malicious or prompted by the sinister intention of one acting in bad faith. Or, when, as in gross negligence, it betokens a reckless indifference to the rights of others, it may be implicit" (p 385).

Since there is here no showing of fraud, malice, bad faith, intentional wrongdoing or gross negligence, we are of the opinion that partial summary judgment should have been granted. Although the required language is contained in the proposed amended cause, renumbered the third cause of action, the factual allegations set forth in the affidavits are woefully inadequate to make out the charge.

Since we are of the opinion that the facts set forth are insufficient to support the charge, we find the granting of the cross motion pointless. Accordingly, we deny leave to amend. Concur — Murphy, P. J., Carro, Bloom, Milonas and Rosenberger, JJ.