■ In the Matter of the Estate of ELLEN P. LAFLIN, Also Known as ELLEN PHILBRICK LAFLIN, Deceased. IRVING D. GOODSTEIN, Appellant; JOHN C. LAFLIN, Respondent. — In a proceeding for the judicial settlement of the account of the executors of a decedent's estate, the appeal is from an order of the Surrogate's Court, Nassau County (Radigan, S.), dated May 31, 1984, which granted the objectant's motion pursuant to SCPA 2211 and CPLR 3205 (b) to amend his objection number 10.

Order affirmed, with costs.

Objectant's amended objection number 10 alleges that executor Goodstein, as the attorney draftsman of decedent's will, negligently and unethically failed to advise decedent of the statutory provision which permits the payment of full commissions to each of two nominated executors in an estate of this size (see, SCPA 2307 [5]). The appellant Goodstein, who together with his coexecutor, Chemical Bank, has petitioned the Surrogate's Court for a judicial settlement of their account, has failed to demonstrate that any prejudice or surprise would result from the proposed amendment (see, McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp., 59 NY2d 755; Krupp v Aetna Life & Cas. Co., 104 AD2d 857). Furthermore, the objectant's amended objection number 10 is legally cognizable (see, Matter of Weinstock, 40 NY2d 1; Matter of Harris, 123 Misc 2d 247). Gibbons, J. P., Thompson, Weinstein and Lawrence, JJ., concur.