(October 21, 1986)

■ NAB-TERN CONSTRUCTORS, Respondent, v CITY OF NEW YORK, Appellant. (And Two Third-Party Actions.)—Upon remittitur from the Court of Appeals, order, Supreme Court, New York County (Allen M. Myers, J.), entered July 17, 1984 and resettled by said court on December 20, 1984, denying defendant city's motion for partial summary judgment dismissing the fourth cause of action and granting plaintiff's cross motion to amend the complaint, modified, on the law, the facts, and in the exercise of discretion, without costs and without disbursements, the cross motion to amend the complaint is denied, without prejudice to renewal at Special Term upon the completion of discovery.

The Court of Appeals reversed (67 NY2d 297) this court's order (111 AD2d 56) granting the motion of the defendant City of New York for partial summary judgment dismissing the fourth cause of action in the complaint seeking damages for delay, which the city allegedly caused plaintiff contractor in breach of a contract for the renovation of Yankee Stadium. Speaking for the court, Judge Simons indicated that nothing in *Kalisch-Jarcho, Inc. v City of New York* (58 NY2d 377 [1983]) was meant to abolish the existing principle that damages resulting from uncontemplated delays caused by the contractee are actionable, despite the existence of a broad exculpatory "no-damage-for-delay" clause. (67 NY2d, at p 305.) The court clarified that *Kalisch* stands for the proposition that such a clause will, however, foreclose recovery for delays or their causes which were contemplated at the time the parties entered into the contract, unless the contractee engaged in conduct which " 'smacks of intentional wrongdoing' " *(supra,* at p 305, quoting *Kalisch-Jarcho, Inc. v City of New York, supra,* at p 385). The court essentially deemed the fourth cause of action in plaintiff's complaint sufficient because the moving papers lacked proof that the delays in question were anticipated. The court remitted for the exercise of our discretion on the cross motion to amend the complaint to plead the *Kalisch* factors.

Plaintiff unequivocally claimed that the type of delay alleged in the complaint was uncontemplated, and only sought leave to amend the complaint as an alternative stratagem to avoid preclusion of damages under *Kalisch (supra)*. In support of the amendment, plaintiff submitted the affidavit of its vice-president, Seymour Freed, a licensed professional engineer, and its answers to interrogatories delineating the delays allegedly caused by the city. Freed "categorically state[d]" that the delays in question were unanticipated, and averred in any event that the poorly designed engineering plans and specifications constituted acts of gross negligence on the part of the city. He further averred that while depositions and pretrial discovery had not been conducted to obtain the evidence, he suspected the plans were issued in haste to meet the city's obligation to reopen Yankee Stadium in time for the commencement of the 1976 baseball season.

Although leave to amend a pleading should be "freely" granted (CPLR 3025 [b]), the motion must be supported by an affidavit of merits and evidentiary proof that could be considered upon a motion for summary judgment. *(Walden v Nowinski,* 63 AD2d 586 [1st Dept 1978].) Specious amendments

should not be allowed. *(Krupp v Aetna Life & Cas. Co.,* 104 AD2d 857, 857-858 [2d Dept 1984].) In our prior decision, we determined that plaintiff's evidentiary showing was insufficient to support the proposed amendment (111 AD2d 56, 57, *supra).* The inference which plaintiff urged as to the concern of the city's engineers was too speculative to raise an issue as to whether any contemplated delays were occasioned by bad faith, malicious misconduct, or gross negligence. However, it appears that plaintiff could not come forward with the facts necessary to support its cross motion. *(See,* CPLR 3212 [f].) Once discovery has been conducted as to the circumstances surrounding the issuance of the engineering plans and the execution of the contract, plaintiff may be able to demonstrate bad faith, malicious misconduct, or gross negligence on the part of the city. On this record, we cannot conclusively determine whether plaintiff has a cause of action for contemplated delays. *(See, Bradley Envtl. Constructors v Village of Sylvan Beach,* 98 AD2d 973, 974 [4th Dept 1983].) Therefore, we deny the cross motion without prejudice to its renewal at Special Term once disclosure has been completed. Concur—Murphy, P. J., Carro, Milonas and Rosenberger, JJ.