OPINION OF THE COURT
Renee R. Roth, S.
This is a proceeding to determine the validity of a claim arising out of decedent’s alleged breach of an oral contract to name the claimant as executor of her will.
Testatrix’ will, admitted to probate in this court, named her two sons as executors. Claimant, an attorney, contends that in consideration for legal services rendered to her during her lifetime, decedent Pearl Drogin orally promised that she *748 would name him as her executor in her last will and testament. Claimant does not seek payment for unpaid legal services. Nor does he seek specific performance of the oral promise. Instead, he seeks damages of $55,000 measured by the commissions he would have earned had he been appointed executor in this substantial estate.
The issue is whether the claim is barred by EPTL 13-2.1, the Statute of Frauds applicable to a contract to make a will. In relevant part, such statute provides:
"(a) Every agreement, promise or undertaking is unenforceable unless it or some note or memorandum thereof is in writing and subscribed by the party to be charged therewith * * * if such agreement, promise or undertaking * * *
"(2) Is a contract to make a testamentary provision of any kind” (emphasis added).
In the past, the statute has been applied to hold unenforceable an oral promise to make a bequest or devise of property in consideration for services rendered (see, Dombrowski v Somers, 41 NY2d 858; Peters v Morse, 96 AD2d 662). It has also been applied to hold unenforceable an oral promise not to revoke a bequest or devise (Rubin v Irving Trust Co., 305 NY 288). But the novel question is whether it applies to an oral promise to name a particular person as a fiduciary. Thus, the court is required to determine whether the underscored language was intended to include a provision naming a fiduciary. The phrase "testamentary provision of any kind” is not defined in the statute nor is it construed in any of the cases.
EPTL 13-2.1 was enacted by the Legislature in 1966 on recommendation of the Bennett Commission as a successor statute to former section 31 of the Personal Property Law (later General Obligations Law § 5-701 [former (7), (8)]). Significantly, the predecessor statutes barred enforcement of an oral promise if such promise was "a contract to bequeath property or make a testamentary provision of any kind”. (Personal Property Law former § 31 [7]; General Obligations Law § 5-701 former [7].) On its face, such former provision evinced a legislative intention to extend the effect of the statute beyond bequests of property. The 1967 revision omitted reference to a bequest because it is clearly subsumed in the broad phrase "testamentary provision of any kind”.
The term "disposition”, defined as "a transfer of property by a person during his lifetime or by will” (EPTL 1-2.4), is used repeatedly throughout the EPTL. However, in drafting EPTL *749 13-2.1 (a) (2), the Bennett Commission did not use the term "testamentary disposition” as it did throughout the EPTL when reference was made to dispositions of real and personal property. Instead, it used the broader term "testamentary provision”, which evidences its intention to deem unenforceable oral contracts beyond those that make testamentary gifts.
Clearly, the nomination of an executor requires a testamentary act. Since the appointment of the fiduciary requires a provision in a will (SCPA 1414), it is a "testamentary provision”. Indeed, the underlying purposes of this Statute of Frauds, particularly preventing fraud, perjury and the circumvention of the statute of wills (see, Fuller, Consideration and Form, 41 Colum L Rev 799-802 [1941]; 1953 Report of NY Law Rev Comm, at 554; 1953 NY Legis Doc No. 65 [0], at 22), are as applicable to a provision naming an executor as they are to a disposition of property. Moreover, the increased concern over the appointment of the attorney draftsman as executor (see, Matter of Weinstock, 40 NY2d 1) further supports the conclusion that such provision is testamentary. Plainly then, EPTL 13-2.1 makes unenforceable an oral contract to appoint a particular person as the executor in all future wills.
Claimant also contends that if, as here determined, EPTL 13-2.1 applies to his claim then Mrs. Drogin’s prior wills (of which he is the draftsman), in which she does nominate him as her executor, constitute a sufficient writing to satisfy the provisions of the Statute of Frauds.
Obviously, such a provision in a prior will, while indeed a writing subscribed by Mrs. Drogin, is not a writing "unequivocably referable” to a promise by testatrix to appoint claimant as her executor in all future wills (Matter of Thoens, 88 Misc 2d 1006, affd 51 AD2d 691, affd 41 NY2d 823). Indeed, when the nominated executor of such earlier will is also the draftsman, even a writing to such effect would be of doubtful value (see, Code of Professional Responsibility EC 5-6; Matter of Weinstock, supra).
Based upon the foregoing, the claim is disallowed as a matter of law."