■ In the Matter of ASTELLE ATTERBURY, Deceased. EDGAR HILLS et al., Appellants.—In an accounting proceeding pursuant to SCPA 2110, (1) the petitioners appeal from so much of a decree of the Surrogate's Court, Suffolk County (Signorelli, S.), dated February 5, 1990, as limited executors' commissions to the sum of $14,475.02, which represented a "single commission to be shared among the three executors", and (2) Cruser, Hills, Hills & Besunder appeals from so much of the same decree as limited compensation for legal services to $6,000.

Ordered that the decree is modified, on the law, by deleting the second decretal paragraph thereof and substituting therefor a provision permitting the petitioners/executors to retain the sum of $28,950.04 representing two commissions to be shared among the three executors; as so modified, the decree is affirmed insofar as appealed from, without costs or disbursements.

Pursuant to SCPA 2307 (5) (b), where two or more executors provide services for an estate which has a gross principal value of between $100,000 and $300,000, those executors shall share compensation which is equal to that to which two executors would be entitled. Here the decedent's gross estate was valued at more than $100,000 and less than $300,000, and the three nominated executors, all of whom were partners of the firm of which the attorney/drafter was also a partner, all served in that capacity. Therefore, absent a finding of impropriety or overreaching, the three executors were entitled to two statutory commissions to be shared among them (see, Matter of Weinstock, 40 NY2d 1; see also, Matter of Reohr, 71 AD2d 161).

Upon our review of the record, we conclude that the Surrogate's implicit finding of impropriety or overreaching is not supported by the evidence. Here the attorney/drafter, an established lawyer specializing, inter alia, in estate practice, swore to the fact that he had informed the testator, for whom he had done legal work for some 25 years, of the financial consequences of nominating three executors (cf., Matter of Weinstock, supra; Matter of Laflin, 111 AD2d 924). Moreover, a review of the testator's previous wills, the first of which had not been drafted by the appellant law firm, indicates that the testator made a practice of nominating multiple executors. While clearly the better practice would have been to have the testator indicate, in writing, her reasons for nominating multiple executors and her awareness of the consequences of such nomination (see, Estate of Horton, NYLJ, Jan. 26, 1988, at 15, col 3), under the circumstances of this case we conclude that

deviation from the statutory mandate of two commissions was unwarranted *(cf., Matter of Thron,* 139 Misc 2d 1045).

Further, given the admittedly simple nature of this estate, that the attorney did not keep contemporaneous time records, that the time estimates submitted from memory were gross estimates rounded-off to the nearest five hours, and that several of the services performed by the attorney were executorial in nature, we find that the Surrogate did not improvidently exercise his discretion in fixing the fee for legal compensation at $6,000 *(see, Matter of Verplanck,* 151 AD2d 767; *Matter of Lanyi,* 147 AD2d 644; *Matter of Von Hofe,* 145 AD2d 424).* Brown, J. P., Kunzeman, Harwood and Rosenblatt, JJ., concur.