■ In the Matter of MADELEINE D. CORYA, Deceased. BANKERS TRUST COMPANY et al., Appellants.—In a proceeding for a judicial settlement of the accounts of the coexecutors of the decedent, the coexecutors appeal, as limited by their brief, from so much of an order of the Surrogate's Court, Suffolk County (Signorelli, S.), entered June 12, 1990, as awarded them only one commission, and directed restitution of any additional commissions.

Ordered that the order is reversed insofar as appealed from, with costs payable out of the estate, the provisions of the order which awarded the coexecutors only one commission and directed restitution of any additional commissions are deleted, each coexecutor is awarded a commission, and the matter is remitted to the Surrogate's Court, Suffolk County, for further proceedings consistent herewith.

We agree with the coexecutors that the Surrogate improperly limited them to only one commission. In *Matter of Weinstock* (40 NY2d 1, 7), the Court of Appeals stated that courts may interfere with a testator's manifested intention and exclude an executor only where "the evidence warrants an affirmative finding of impropriety and overreaching". Accordingly, where the will provides for more than one coexecutor and the statute permits each to receive a commission, the failure of the attorney draftsman of the decedent's will to advise the decedent of the multiple commissions may be grounds for denying multiple commissions *(see, Matter of Laflin,* 111 AD2d 924; *Matter of Becker,* 104 AD2d 444; *Matter of Thron,* 139 Misc 2d 1045; *Matter of Harris,* 123 Misc 2d 247).

In the instant case, however, the record clearly reveals that the decedent knowingly and freely nominated both coexecutors after being fully informed that they would each receive a two percent commission *(see,* SCPA 2307 [1], [5]; *see, Matter of Atterbury,* 173 AD2d 817). Accordingly, each coexecutor is entitled to receive a statutory commission. Because the record is unclear as to the amount of the commission the coexecutors have received to date, the matter is remitted to the Surrogate's Court, Suffolk County, to determine the amounts owing to them. Lawrence, J. P., Eiber, Balletta and Ritter, JJ., concur. *[See,* 148 Misc 2d 723.]