OPINION OF THE COURT
Renee R. Roth, S.
This is a proceeding to determine the validity of a claim by *321 an attorney that decedent, Toni Lowenstein, breached a written agreement to name him as executor in her will.
Claimant, Fred Sichel, relies on an agreement which he drafted, dated December 25, 1984, between decedent and her husband, Otto. After summarizing the couple’s joint intentions with respect to the disposition of their assets, the agreement stated that: "We appoint fred j. sichel as executor and trustee herein since we have known him and his family for over 40 years and trust his business judgment and fairness.” It is noted that the Lowensteins had one child and the agreement recited their intent to save taxes and benefit their daughter and grandchildren. The couple executed the agreement contemporaneously with their mutual wills, also drafted by Mr. Sichel, naming him as sole executor and trustee.
When Mr. Lowenstein died in 1987, his wife offered for probate an earlier will, dated August 3, 1984, in which she and another individual were named as executors. Mr. Sichel cross-petitioned for probate of the December will. The resulting probate contest was settled by the payment of $25,000 to Mr. Sichel in consideration of his renunciation as executor and trustee.
Thereafter, Mrs. Lowenstein executed a new will, dated July 6, 1987, naming her daughter, Hilda Straus, as executrix. That will was admitted to probate by this court on July 10, 1991 and letters testamentary issued to Mrs. Straus. Relying on the record before the court, Mr. Sichel seeks damages of $64,894, which he alleges he would have earned as commissions for serving as executor.
Citing this court’s decision in Matter of Drogin (144 Misc 2d 747), claimant argues that a contractual agreement to name an attorney as fiduciary is enforceable if reduced to a writing. In Drogin this court held that an oral agreement between the decedent and an attorney to name him executor was unenforceable under EPTL 13-2.1, which requires that a contract to make a "testamentary provision” must be in writing and subscribed by the party to be charged therewith.
Claimant’s reliance on Drogin (supra) is misplaced. The existence of a writing does not automatically render such an agreement enforceable. Indeed, in Drogin, this court noted that: "[W]hen the nominated executor * * * is also the draftsman, even a writing to such effect would be of doubtful value (see, Code of Professional Responsibility EC 5-6; Matter of Weinstock, [40 NY2d 1])” (at 749). Code of Professional Respon *322 sibility EC 5-6 states in relevant part: "A lawyer should not consciously influence a client to name him as executor, trustee, or lawyer in an instrument. In those cases where [the] client wishes to name [a] lawyer as such, care should be taken * * * to avoid even the appearance of impropriety”.
The contract in question, drafted by an attorney and purporting to bind the testatrix to appoint him as fiduciary, presents at least the appearance of the very type of improper behavior prohibited by the Code of Professional Responsibility. Such a contract, unlike a will, may not be unilaterally revoked or amended by the testatrix. This irrevocability is particularly important here, since the contract under consideration makes no provision for future changes in circumstances. The contract purports to mandate the appointment of the attorney regardless of his health, age, competency or geographic location. Such a requirement would make no sense for most testators and there do not appear to be any special circumstances here which would lead the court to hold otherwise.
Based upon Matter of Weinstock (supra) and the Code of Professional Responsibility it is concluded that a contract provision requiring the nomination of the attorney draftsman as fiduciary of the testator’s estate is unenforceable unless it is clearly demonstrated to the satisfaction of the court that special circumstances required the services of the attorney draftsman and that the nomination was not the product of overreaching.
There is no legal theory which supports Mr. Sichel’s claim for damages. The December 25, 1984 agreement may have been an enforceable contract between Mr. and Mrs. Lowenstein (the parties thereto) and perhaps also by any third-party beneficiary named in their mutual wills (Rastetter v Hoenninger, 214 NY 66; Tutunjian v Vetzigian, 299 NY 315). But nothing in the record establishes that Mr. Sichel was an intended third-party beneficiary of this agreement. Furthermore, as mentioned above, as the draftsman of such a contract Mr. Sichel has a duty to show that he fully disclosed all relevant facts to his clients and that his appointment was fair and reasonable (Matter of Weinstock, supra; Matter of Becker, 104 AD2d 444; Matter of Laflin, 111 AD2d 924; Matter of Carlisle, 142 Misc 2d 657, affd 159 AD2d 379; Matter of Thron, 139 Misc 2d 1045; Matter of Stalbe, 130 Misc 2d 725; Matter of Harris, 123 Misc 2d 247). The record is devoid of any such proof.
*323 Finally, Mr. Sichel does not seek appointment as fiduciary. Rather, he claims money damages in the amount of lost commissions. In other words, he contends that he is entitled to be paid whether or not he serves as fiduciary. No such claim is recognized in the law. Indeed, on the basis that "Commissions are compensation for services”, the Appellate Division, Second Department, recently held that an attorney-fiduciary was not entitled to commissions for the period during which the Surrogate disqualified him from serving as executor even though such disqualification was reversed on appeal (Matter of Smolley, 188 AD2d 535, 537).
Based upon all the foregoing, Mr. Sichel’s claim against the estate is denied.