■ In the Matter of the Estate of HOPE B. KLENK, Deceased. MORGAN GUARANTY TRUST COMPANY OF NEW YORK et al., Appellants; W. CLIFFORD KLENK, Respondent. [612 NYS2d 220] — In a proceeding for the judicial settlement of an account of the coexecutors of a decedent's estate, (1) Morgan Guaranty Trust Company of New York appeals, as limited by its brief, from so much of an order of the Surrogate's Court, Suffolk County (Signorelli, S.), dated August 13, 1991, as, after a nonjury trial, limited its executor's commissions to the statutory amount, (2) Donald Vail appeals, as limited by his brief, from so much of the same order as denied him executor's commissions, and (3) Alexander & Green and Walter, Conston, Alexander & Green, P. C., separately appeal from (a) so much of the order dated August 13, 1991 as denied them compensation for legal services, and (b) an order of the same court, dated November 27, 1991, as, upon granting their separate motions for reargument and renewal, adhered to its prior determination.

Ordered that the appeals of Alexander & Green and Walter, Conston, Alexander & Green, P. C., from the order dated August 13, 1991, are dismissed, as that order was superseded by the order dated November 27, 1991, made upon reargument and renewal; and it is further,

Ordered that the order dated August 13, 1991, is affirmed insofar as appealed from by Morgan Guaranty Trust Company of New York and Donald Vail; and it is further,

Ordered that the order dated November 27, 1991, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs payable by the appellants.

On the basis of our independent examination of the record and the applicable principles of law, we find no reason to disturb the Surrogate's finding of impropriety and overreaching by the attorney/drafter. The attorney/drafter failed to inform the testator of the financial consequences of inserting a clause in the will which granted commissions to the executors in connection with certain property which was not otherwise subject to commissions pursuant to SCPA 2307. He also did not inform the testator of the financial impact of this clause as applied to three coexecutors, or of his own duplicate charges in the form of executor's commissions and legal fees *(see, Matter of Weinstock,* 40 NY2d 1; *Matter of Laflin,* 111 AD2d 924; *Matter of Becker,* 104 AD2d 444). Therefore, the Surrogate properly denied executor's commissions to the attorney/drafter *(see, Matter of Weinstock, supra,* at 6; *Matter of Smith,* 91 AD2d 789; *Matter of Schaich,* 55 AD2d 914). We agree with the Surrogate that the third coexecutor, who was also the testator's husband and primary beneficiary, was not estopped from invoking a claim of fraud at the accounting stage, interposed shortly after the two coexecutors filed their petition for an accounting *(see, Matter of Laflin, supra; Matter of Thron,* 139 Misc 2d 1045, 1049-1050; *Matter of Harris,* 123 Misc 2d 247, 249).

Furthermore, it would be inequitable to permit coexecutor Morgan Guaranty Trust Company of New York, which claims to have had no knowledge of the enhanced commission clause, to benefit from a coexecutor's wrongdoing by retaining commissions of almost twice the statutory amount *(see, Matter of Rothko,* 43 NY2d 305, 321-322; *Matter of Goldstick,* 177 AD2d 225, 238-239, *mod on other grounds* 183 AD2d 684; *Matter of Birnbaum v Birnbaum,* 157 AD2d 177, 188).

The Surrogate properly denied legal fees to the two law

firms of which the attorney/drafter was a partner for services rendered in connection with the administration of the estate. The attorney/drafter's fraudulent scheme occurred while he was a partner acting in the ordinary course of business of each law firm and therefore each law firm is liable for the attorney/drafter's misconduct to the same extent as he is (see, Partnership Law § 24; *Metflex Corp. v Klafter,* 123 AD2d 845). The record reveals that the attorney/drafter violated the Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]) in connection with the drafting of the testators' will. Thus, he is not entitled to legal fees for any services rendered in connection with his duties as executor (see, *Shelton v Shelton,* 151 AD2d 659; *Brill v Friends World Coll.,* 133 AD2d 729, 730; *Kyle v Kyle,* 94 AD2d 866; *Williams v Hertz Corp.,* 75 AD2d 766). Insofar as the attorney/drafter's conduct violated Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), the law firms of which he was a partner are also not entitled to a legal fee for any services rendered. Lawrence, J. P., Ritter, Hart and Krausman, JJ., concur. *[See,* 151 Misc 2d 863.]