In the Matter of LONG ISLAND SAVINGS BANK, FSB, et al., Appellants, v PHILIP I. AARON et al., Respondents. [639 NYS2d 850]

The respondent attorney and his professional corporation (hereinafter the attorney) represented the appellant banks in connection with a large number of foreclosure proceedings and related eviction and bankruptcy proceedings. In 1992, the banks decided to terminate the attorney's services. Given the volume of cases involved, and the consequential complexity of determining the amount of legal fees still owed, the attorney claimed that he needed to retain the legal files in question for a reasonable amount of time. Eventually, the parties entered into a stipulation setting forth a formula to be used to determine the amount to be paid by the banks in connection with "uncompleted" files, and a schedule for the prompt transfer of the "completed" files, followed by the later transfer of the "uncompleted" files. After paying more than $365,000 in fees pursuant to this stipulation, the banks claimed that the attorney's failure to abide by certain of the terms justified the banks' refusal to pay an additional sum of approximately $44,000 which was still owing to the attorney. We agree with the Supreme Court that the banks' position is unsound.

The Supreme Court concluded that the fact that the attorney did not turn over the files within the time period set forth in the stipulation had not resulted in any damage to the banks. We agree with the Supreme Court that the attorney's untimeliness in turning over the files, which resulted in no substantial prejudice, should not deprive the attorney of the compensation due under the terms of the stipulation. Under the particular facts presented in this case, the parties' fiduciary relationship as to the files in question had effectively ceased prior to the attorney's technical violation of the stipulation, and we cannot justify the attorney's forfeiture of the fees which he had earned on the theory that his tardiness in releasing the files constituted a breach of his fiduciary duties (*see, Shelton v Shelton,* 151 AD2d 659; *cf., Matter of Winston,* 214 AD2d 677; *Matter of Klenk,* 204 AD2d 640; *Brill v Friends World Coll.,* 133 AD2d 729).

We have examined the banks' remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Copertino and Pizzuto, JJ., concur.