*131 OPINION OF THE COURT
Lee L. Holzman, J.
In this proceeding to probate a testamentary instrument executed on October 16, 1992, the nominated executor, an attorney and a member of the same firm as the attorney who drafted the will, seeks a waiver under SCPA 2307-a (9) (0b) of the provisions of the statute which limit his commissions to one half of the statutory amount to which he would otherwise be entitled where the testator has not executed a "written acknowledgment of disclosure” with regard to an attorney’s right to be paid both a full commission and a reasonable legal fee.
Petitioner submitted affidavits stating that decedent was advised prior to executing the will that petitioner would be entitled to commissions if he served as the executor and his law firm would be entitled to legal fees for services rendered on behalf of the executor. It is also alleged that decedent was told in October 1996, at the funeral of her sister, that the law now required that she sign a document memorializing the information that she had previously been given with respect to commissions and legal fees. Although decedent had indicated that she would make an appointment to execute the disclosure form and review her testamentary plan, she became ill shortly thereafter and never made an appointment prior to her death on January 16, 1997.
SCPA 2307-a was enacted in 1995 (L 1995, ch 421, eff Aug. 2, 1995) to clarify that attorneys who serve as executors are entitled to both full statutory commissions and reasonable legal fees for services rendered on behalf of the executor provided that they have fulfilled their ethical obligation of advising the testator that attorneys as well as other eligible adults could serve as executors and that attorneys who served as executors and performed legal services would be paid both commissions and legal fees. To eliminate any question as to whether the testator has been advised about these matters, SCPA 2307-a provides that an attorney-executor who drafted the will shall be paid one half of the statutory commissions to which he would otherwise be entitled unless the testator signed a witnessed, "written acknowledgment of disclosure” setting forth the information required by subdivision (1). Subdivision (3) sets forth models of the disclosure. Thus, for wills executed after December 31, 1995, attorney-draftspersons who are nominated executors can expect the following: if they obtained *132 testator’s written acknowledgment of disclosure, they shall be paid full commissions and reasonable legal fees for services rendered; if there was no impropriety in their designation as executor but they failed to obtain testator’s written acknowledged disclosure, they shall be paid one half of the statutory commission and reasonable legal fees for services rendered; and, if they were guilty of improper conduct, whether by commission or omission, in their designation as executor, they run the risk of either not being permitted to serve as the executor of the estate (Matter of Weinstock, 40 NY2d 1) or of receiving reduced compensation for having served as both the executor and the attorney for the executor (Matter of Thron, 139 Misc 2d 1045). It should be noted that both Weinstock and Thron were cases involving two attorneys from the same firm acting as coexecutors, and presumptions that might arise as to the impropriety of such an arrangement are not applicable where an attorney is the sole executor or a coexecutor with someone other than another attorney in the same firm. In those limited instances where it might be appropriate for two attorneys from one firm to act as coexecutors, it might very well be prudent for the disclosure to go beyond the models set forth in subdivision (3).
Although SCPA 2307-a clarified the obligations and rights of attorneys with regard to wills executed after December 31, 1995, it created a problem for wills executed prior to that date. This problem is addressed in subdivision (9). The provisions of SCPA 2307-a are not applicable to wills executed prior to January 1, 1996 if the decedent died prior to January 1, 1997. Even if the decedent died after December 31, 1996 and counsel failed to obtain the written acknowledgment of disclosure, this failure can be waived and attorneys can still receive a full statutory commission if the will was executed prior to January 1, 1996 and counsel can establish that, after the enactment of the statute, they either made a good-faith effort to make disclosure to the testator of the information required by subdivision 1 or to obtain the testator’s written acknowledgment (SCPA 2307-a [9] [b] [ii]). In applications to waive the requirement to obtain a written disclosure, SCPA 2307-a (9) (b) (iii) explicitly provides that the attorney is not barred by CPLR 4519 from testifying about communications or transactions with the decedent on this subject. Thus, it would appear that the Legislature envisioned that a hearing might be required in some instances.
Here, decedent’s son, to whom almost the entire estate is bequeathed in trust, including a right of invasion for his *133 benefit, is the party who would be most affected by the commissions payable to petitioner, and he has submitted an affidavit in which he accepts as "true” petitioner’s statements on this issue. Consequently, there is no need for a hearing. The court is satisfied that the disclosure required by SCPA 2307-a (1) was made to decedent in October 1996 and, accordingly, petitioner is entitled to a waiver of the requirement that he produce decedent’s written acknowledgment of disclosure in order to be entitled to a full statutory commission. Inasmuch as counsel’s right to a waiver of the requirement that testator execute a disclosure form is based upon a "good faith effort” to either disclose the information to testator or to obtain the disclosure form and not upon successfully obtaining the form, the determination on this issue would be the same regardless of whether decedent failed to execute a written disclosure due to her illness or merely because she did not wish to sign another document.
A decree has been entered admitting the will to probate (SCPA 1408; EPTL 3-2.1), containing a provision directing the executor, whose firm will render legal services, to comply with the provisions of Uniform Rules for Trial Courts (22 NYCRR) § 207.60.