OPINION OF THE COURT
Lee L. Holzman, J.
Although the objections previously filed in this probate proceeding have now been withdrawn, the court is called upon to decide whether SCPA 2307-a (7) mandates that it be determined prior to the issuance of letters testamentary to the designated executrix, the attorney who drafted the will, *584 whether she has complied with the disclosure requirements of subdivisions (1) and (2) of this statute or whether the determination of this issue may be deferred based upon the fact that the only assets of the estate are pending causes of action to which a claim for wrongful death will be added.
SCPA 2307-a was enacted to clarify that attorneys who drafted wills designating themselves as the executors are entitled to both full statutory commissions and reasonable legal fees provided that they have complied with the disclosure requirements of the statute and only one half of the statutory commissions to which they would otherwise be entitled if they failed to obtain proof of disclosure in the form mandated by the statute (Matter of Waldman, 172 Misc 2d 130). Prior to the enactment of this statute not only was there a question as to the commissions and legal fees to which an attorney-executor would be entitled (see, Matter of Thron, 139 Misc 2d 1045) but also a question as to whether objections to full statutory commissions based upon the attorney’s failure to make full disclosure had to be made in the probate proceeding or could be asserted for the first time in an accounting or other appropriate proceeding (compare, Matter of Reohr, 71 AD2d 161, with Matter of Laflin, 111 AD2d 924; Matter of Harris, 123 Misc 2d 247; Matter of Thron, supra).
The Legislature, apparently of the opinion that executors are entitled to know that rate at which they will be compensated prior to undertaking a fiduciary responsibility, provided in SCPA 2307-a (7) that “[a] determination of compliance with the requirements of subdivisions 1 and 2 of this section shall be made in a proceeding for the issuance of letters testamentary”. However, there are no statutory guidelines for the procedure to be used by the court before it renders this determination. Fundamental concepts of due process would appear to dictate that, before the court determines this issue, notice and an opportunity to be heard should be afforded to all the parties who would be affected by the amount of the commissions awarded. Furthermore, in furtherance of the public policy that requires courts to husband their limited resources by confining their determinations to the resolutions of controversies having a present, practical impact, the courts generally decline to entertain potential issues which may never actually arise (Matter of Mount, 185 NY 162; Matter of Swett, 52 AD2d 330; Matter of Stout, 1 AD2d 901).
Here, if there is no recovery in the pending actions, the commissions of the executrix shall be zero regardless of whether *585 the commissions are computed at the full statutory rate or one half that amount. Under these circumstances, and in the absence of the designated executrix insisting that the court presently render a determination with regard to the rate at which her commissions are to be computed prior to the issuance of letters testamentary, the court concludes that it has the discretion to hold this issue in abeyance until an accounting or other appropriate future proceeding even though SCPA 2307-a (7) states that this issue “shall” be determined in the probate proceeding. In short, neither the executrix nor the residuary beneficiaries should be compelled to presently address this issue if they do not want to and they might never have to in the event that there is no recovery in the pending actions. Of course, the court is not determining whether the designated executrix would have a right to insist that this issue be determined in the probate proceeding.
In the absence of any opposition, the court is satisfied that the will dated April 4, 1996 was duly executed and that the testatrix was in all respects competent to make a will and not under any restraint. Notwithstanding that the pro se object-ants have withdrawn their objections, the decree admitting the will to probate, which shall contain a provision that all issues as to the amount of commissions under SCPA 2307-a shall be determined in an appropriate future proceeding, shall be settled upon the former objectants.