OPINION OF THE COURT
Lee L. Holzman, J.
The issue presented in this probate proceeding is whether the court, in the exercise of its discretion under SCPA 2307-a (9) (b) (ii), should waive the “testator’s written acknowledg *73 ment of disclosure” with regard to commissions and counsel fees as provided in SCPA 2307-a (1) and (2) where the attorney draftsperson is nominated as the executor. Here, the attorney executor drafted the propounded will dated January 4, 1985. Decedent died on November 2, 1997. Absent granting the waiver, the attorney executor is limited to one half the statutory commissions to which he might otherwise be entitled (SCPA 2307-a [5]).
Aside from the provisions that entitle the attorney executor to have the rate of the commissions determined in the probate proceeding (SCPA 2307-a [7]) and provide that the provisions of CPLR 4519 shall not be applicable in the proceeding (SCPA 2307-a [9] [b] [iii]), there are no statutory guidelines setting forth the procedure in an application to determine commissions under SCPA 2307-a. Nevertheless, fundamental concepts of due process would appear to dictate that notice of the attorney executor’s application for a waiver should be given to the residuary beneficiaries, inasmuch as they would be the parties adversely affected by the greater commissions that will be paid in the event that the written acknowledgment of disclosure is waived (Matter of Fleshler, 176 Misc 2d 583 [Sur Ct, Bronx County 1998]). Accordingly, the court has established the procedure set forth below.
This matter will appear on the court’s calendar of July 22, 1998 at 9:30 a.m. The proponent is directed to mail a copy of this decision and a copy of his affirmation dated May 4, 1998, to each of the following parties: Julia K. Rooks, Janet K. Rooks, Gina Maria Manuel, and Stella Dozier. Service is to be made by mailing copies of this decision by ordinary mail with United States Postal Service certificate of mailing and by certified mail, return receipt requested. All service is to be made at least 20 days before July 22, 1998 and will be deemed complete provided that such service by ordinary mail is not returned as undeliverable. The interested parties are advised that, in the event that no one appears in opposition when the matter appears upon the calendar of the court, the uncontroverted factual allegations in the affirmation will be deemed due proof thereof (SCPA 509), and the issue will be submitted for determination upon the papers filed.
The Chief Clerk shall mail a copy of this decision, which constitutes the order of the court, to the proponent. Proponent is also directed to serve a copy of this decision upon any other party who has appeared.